## DAVIS et al. v. BIGGS et al.
### No. 9462.

Court of Civil Appeals of Texas. Austin.

Oct. 11, 1944.

Rehearing Denied Nov. 1, 1944.

R. G. Hughes, D. I. Durham, and W. A. Wright, all of San Angelo, for appellants.

Upton, Upton & Baker, of San Angelo, for appellees.

BAUGH, Justice.

Johnnie I. Williams, independent executor of the estate of Jeff D. Davis, deceased, and Ira Davis, Trustee and as next friend for Edward Rue Davis, a minor, sued J. D. Biggs and wife B. Lizzie Biggs, former wife of Jeff D. Davis, to set aside a deed to a half interest in 480 acres of land in Coke County, Texas, executed and delivered by Jeff D. Davis to B. Lizzie Davis, his then wife, on January 2, 1935, conveying to her an undivided half interest in said lands, on the grounds of mutual mistake of fact or of law, and to recover a half interest in said lands. After the death of Jeff D. Davis, B. Lizzie Davis married Biggs. Jeff D. Davis left a will, which was duly probated, in which he devised to Edward Rue Davis a half interest in said lands. The defendants, appellees here, among other things, pleaded in bar a former final judgment between the same parties involving the same lands, and as an estoppel, which plea was sustained by the trial court and the cause dismissed; hence this appeal.

When the will of Jeff D. Davis was offered for probate, its probate was contested by B. Lizzie Davis, now Biggs, on the grounds of lack of testamentary capacity of the testator. Such contest was not sustained. See Davis v. Williams, Tex. Civ.App., 144 S.W.2d 445. In that contest the deeds involved in the instant case were offered on the issue of mental capacity of the testator, but the disposition of the issues presented in that suit is not here involved. Independent of the will contest, the same parties who are now plaintiffs in this suit also sued B. Lizzie Davis for title and possession of a half interest in the lands here involved, wherein the trial court rendered judgments against said plaintiffs. That judgment was affirmed by the Supreme Court in Davis v. Davis, 141 Tex. 613, 175 S.W.2d 226, and was held by the trial court to preclude the same plaintiffs in the instant case. In that suit the various conveyances discussed in Davis v. Davis, supra, were pleaded. The deeds involved were: 1. From Jeff D. Davis to his wife B. Lizzie Davis, made in February, 1903, conveying to her all of said lands as her separate property. This deed divested him of all his interest in said lands. See Davis v. Williams, Tex.Civ.

App., 144 S.W.2d 445. 2. Deed from Jeff D. and B. Lizzie Davis to Elizabeth Passow, conveying to her an undivided half interest in said lands; deed from Elizabeth Passow to Jeff D. Davis, conveying to him as his separate property such half interest; and a deed from Jeff D. Davis to his wife, conveying to her as her separate property an undivided half interest in such lands, all of which last three described deeds were executed and delivered on January 2, 1935.

In the former suit the plaintiffs (appellants in the instant suit) pleaded, among other things, that though the deed of January 2, 1935, from Jeff D. to B. Lizzie Davis was absolute on its face, it was nevertheless a trust and never intended to divest title out of Jeff D. Davis; that, in substance, the purpose and intent of these deeds of January 2, 1935, were to invest Jeff D. and B. Lizzie Davis each with an undivided half interest in said lands as their respective separate estates; and prayed that said deed be reformed so as to show such intention and decree to B. Lizzie Davis and the estate of Jeff D. Davis each, an undivided half interest in said lands as separate property of each, and to award the plaintiffs therein such undivided half interest.

In addition to the defensive pleas to plaintiffs' petition in that suit, the defendant B. Lizzie Davis filed a cross-action in trespass to try title against plaintiffs, guardian ad litem was appointed and answered for the minor, Edward Rue Davis, and after trial on all the issues made, judgment was rendered for Mrs. Davis awarding to her title and possession of said lands. That judgment was affirmed in 141 Tex. 613, 175 S.W.2d 226.

This suit was subsequently filed by the same plaintiffs, after losing the first suit, seeking to set aside, on the grounds of mutual mistake, or mistake of law on the part of Jeff D. Davis, the same deed which they sought to have reformed in the first suit, and to recover the same interest in the same land involved in the first suit. Appellants rely, as sustaining their contention, that the judgment in their first suit did not bar them from recovery in the instant suit, on the case of Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 7, 66 L.R.A. 745, 107 Am.St.Rep. 596. The instant case, however, is, we think, clearly distinguishable from that case. In that case Mrs. Moore acquired her title in part through sheriff's

deed at a tax sale. Thereafter Snowball sued to recover the lands involved on the grounds, among others, that the tax judgment, under which the sale was made, was void. Mrs. Moore, in addition to other pleas, by reconvention asserted title through the sheriff's deed to her. Judgment was for her as against the plaintiff Snowball. This judgment became final. Subsequent thereto Snowball filed another suit to set aside the sheriff's sale. To this suit Mrs. Moore asserted a plea that the final judgment in the former suit was res adjudicata of the latter. The question was certified to the Supreme Court and a majority of that court, Judge Brown dissenting, held that the former judgment was not res adjudicata of the issues presented in the latter suit. In the opinion it is stated:

"* * * neither the pleadings nor evidence raised the issue of the invalidity of the sheriff's sale under which the defendant claimed title to the property by reason of any irregularities in such sale, the only attack made upon the sale being incidental, and dependent upon the alleged nullity of the judgment and order of sale issued thereon. No service of notice of the cross-bill or plea in reconvention set up by defendant in that suit was had upon the plaintiffs, and no guardian ad litem was appointed to represent the minor plaintiff, James B. Snowball, in defense of such cross-bill, and no appearance or answer was filed therein, but the plaintiff James Snowball knew that said plea in reconvention had been filed in said suit."

■ In the instant case the only title asserted by the appellants was that acquired through the will of Jeff D. Davis, and his title, if any, in turn depends on the invalidity of the deed of January 2, 1935, by him to his wife. That deed and its validity was specifically made an issue in the former suit and in this suit. In the former suit, here involved, guardian ad litem for the minor was appointed and filed an answer, the other parties resisted the cross action of Mrs. Davis, and the same deed attacked in the instant case was there specifically in issue. These facts clearly distinguish this case from the Snowball case. An examination of the pleadings in the former suit, attached as exhibits to the pleadings in the instant suit, discloses that substantially, if not identically, the same facts set up in the former suit as grounds for reforming said deed, and there adjudicated against appellants, are here set up by them as constituting a mutual mistake, or a mistake of law, and as grounds for setting aside that deed. In the former suit the court held that it was a valid deed and vested title to said lands in Mrs. B. Lizzie Biggs. The fact that the appellants mistook their remedy in the first suit, based on the same facts, and sought relief which was denied them, should not permit them now to bring another suit on the same instrument and on substantially the same facts to accomplish the same purpose,—that is, nullify the deed of January 2, 1935. To so hold would be to encourage a multiplicity of suits growing out of the same transaction. Rather, we think, the rule originally laid down in Foster v. Wells, 4 Tex. 101, 104, reannounced in Nichols v. Dibrell, 61 Tex. 539, 541, McAninch v. Freeman, 87 Tex. 132, 27 S.W. 97, 47 Am.St.Rep. 79, Moore v. Snowball, supra, and thereafter frequently reiterated, applies in the instant case.. That is, that a judgment "is not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided." See also 26 Tex.Jur., § 418, p. 135. Obviously, the plaintiffs in this suit could, by the exercise of due diligence, have brought forward in their first suit and had there specifically adjudicated, the same issues presented in the instant suit. They all relate to and are dependent upon the same instrument and the same or substantially the same facts and circumstances, specifically before the court in the former suit and there adjudicated. We conclude, therefore, that the former judgment was not only a bar to the instant suit, under the rules laid down in the cases cited, and stated in 26 Tex.Jur., § 418, p. 135; but also operated as an estoppel against appellants to relitigate the same matters in this suit by seeking a different remedy herein from that asserted in the former suit, the net result of which is the same in both instances—that is, to invalidate the deed of January 2, 1935, from Jeff D. Davis to his wife. That deed was specifically in issue in the former suit and there held to be a valid conveyance. 26 Tex.Jur., § 443, p. 191.

Finding no error in the record the judgment of the trial court is affirmed.

Affirmed.