**TYLER BANK & TRUST COMPANY,**
Appellant,

v.

**James H. SHAW et al., Appellees.**

No. 6900.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 6, 1956.

Rehearing Denied Oct. 4, 1956.

Pollard, Boulter & Pollard, Reeves & Reeves, Tyler, for appellant.

Smith & Smith, Tyler, for appellees.

DAVIS, Justice.

On December 2, 1948, J. D. Shaw, Ellen Ione Shaw (his wife), and James H. Shaw (their son) owned all the stock in Shaw Packing Co., a Texas corporation. At such time, the corporation was indebted to The Tyler State Bank & Trust Company (now Tyler Bank & Trust Co.) hereinafter referred to as the Bank, in the sum of $30,000 which was evidenced by a promissory note executed by J. D. Shaw to said Bank. On such date, J. D. Shaw executed and delivered a Deed of Trust upon 16½ acres of land situated in Smith County to W. A. Pounds, Trustee, for the benefit of

said Bank to secure the payment of said $30,000.

On July 17, 1950, Shaw Packing Company, Inc., was indebted to said Bank in the sum of $42,500, evidenced by a note which represented a renewal of part of the foregoing $30,000, plus an additional loan. On such date (July 17, 1950), J. D. Shaw and James H. Shaw executed their written guaranty wherein they, jointly and severally, guaranteed the $42,500, and " * * * as well as any and all indebtedness which may become due and owing to said Tyler State Bank and Trust Company, or its assigns, by reason of any subsequent or future loans, advancements or overdrafts, and as well to secure any renewals of any of the foregoing indebtedness." And on said date, J. D. Shaw executed what is alleged to be a chattel mortgage lien upon a lake-house, etc., to secure such indebtedness.

On July 18, 1950, Shaw Packing Company, Inc., by resolution, authorized the president of said company to assign all accounts receivable to said Bank to secure the $42,500 note as well as any future indebtedness that may become due by said company to said Bank.

J. D. Shaw died December 3, 1950, but the record does not reveal how much money, if any, was due by Shaw Packing Company, Inc., to the Bank at the time of the death of J. D. Shaw.

On August 25, 1951, Shaw Packing Company, Inc., executed its note to the Bank in the principal sum of $65,000. On October 16, 1951, Shaw Packing Company, Inc., executed another note to said Bank in the principal sum of $65,000.

Prior to January 1954, the Bank filed a suit against James H. Shaw and Ellen Ione Shaw, a widow (the only surviving heirs of J. D. Shaw, deceased), numbered 21,-447–A upon the Civil Docket of the District Court of Smith County, in which it alleged that a balance was still due upon the note dated August 25, 1951, in the sum of $15,935, plus interest and attorney's fees; and, that a balance was still due on the note dated October 16, 1951, in the sum of $11,200, plus interest and attorney's fees. On January 22, 1954, the Bank filed its First Amended Original Petition in which it alleged all of the foregoing facts, and an additional claim against Mrs. Shaw for $1,500. Its prayer to that amended petition is as follows:

"Wherefore, plaintiff prays that the defendants be cited to appear and answer herein and that on a final hearing hereof, plaintiff have judgment of and against the defendant, James H. Shaw, for the sum of $28,635.00, together with interest and attorney's fees as herein alleged; that plaintiff have judgment of and against the defendant, Ellen Ione Shaw, for the sum of $1500.00, together with interest thereon as provided by law; that plaintiff have judgment for foreclosure of the aforementioned deed of trust and the lien created thereby and its lien upon the aforementioned house and furniture, fixtures and appliances therein or thereto appertaining and order of sale; and that plaintiff recover its costs and interest and such other and further relief, in law or in equity, to which it may be entitled." (Signature omitted.)

Upon a trial of said cause No. 21,447–A, said District Court rendered the following judgment (caption and signature omitted):

"There came on to be heard the above styled and numbered cause wherein Tyler Bank & Trust Company is Plaintiff and James H. Shaw and Ellen Ione Shaw, a widow, are Defendants; and came said Defendants urging their special exception, as set out in Paragraph I of their First Amended Original Answer, and the Court having heard and considered the same, is of the opinion that it should be, and it is hereby overruled, to which action of the Court the Defendants, in open court, severally ex-

cepted; thereupon came the Plaintiff by its attorneys and announced ready for trial, and all matters in controversy herein, as well of facts as of law, were submitted to the Court without the intervention of a jury; and the Court having heard the pleadings, the evidence and the argument of counsel, is of the opinion that the following judgment should be rendered:

"It is, therefore, ordered, adjudged and decreed by the Court that the Plaintiff, Tyler Bank & Trust Company do have and recover of and from James H. Shaw, the sum of $41,165.21, together with interest thereon from date of this judgment until paid at the rate of six per cent per annum, together with all costs in this behalf expended, for which let execution issue.

"It is further ordered, adjudged and decreed by the Court that Plaintiff, Tyler Bank & Trust Company, have foreclosure of its chattel mortgage lien as such lien existed on July 17, 1950 on the following described personal property, to-wit: That certain 2-story, 3-bedroom, frame house and residence, known as the J. D. Shaw, residence, together with all furniture, fixtures and appliances therein located or thereto appertaining, situated on property of Spring Lake Fishing Club, Incorporated in Smith County, Texas; and that an order of sale issue to the Sheriff or any Constable of the State of Texas, directing him to seize and sell the same as under execution, and apply the proceeds of such sale, first to the payment of the Sheriff's fees, then to the payment of all costs herein, with the remainder of such funds, not to exceed the sum of $41,-165.21 with interest thereon at the rate of six per cent per annum from date, to be paid to the Plaintiff, Tyler Bank & Trust Company.

"It is further ordered, adjudged and decreed by the Court that the judgment hereinabove decreed against the Defendant, James H. Shaw, will be credited with the proceeds of the sale of the hereinabove described personal property, as, if, and to the extent the same shall be paid to the Plaintiff, Tyler Bank and Trust Company.

"It is further ordered, adjudged and decreed by the Court that Plaintiff herein take no personal judgment as against the Defendant, Ellen Ione Shaw, and that she go hence without day with her costs in this behalf expended.

"It is further ordered, adjudged and decreed by the Court that foreclosure of the deed of trust lien dated December 2, 1948, executed by J. D. Shaw, as sought by Plaintiff herein, be and the same is hereby in all things denied.

"It is further ordered, adjudged and decreed by the Court that said plaintiff take nothing as against the Defendant, James H. Shaw, as to alleged account of Defendant to and with Shaw Packing Company, Inc.

"To all of which orders in this judgment the Plaintiff and the Defendant, James H. Shaw, in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Sixth Supreme Judicial District of Texas, sitting at Texarkana, Texas.

"Entered, this 22 day of February, 1955."

It will be noted that there was no prayer by the Bank for any judgment in any amount against the estate of J. D. Shaw, deceased. The Bank did ask for judgment foreclosing its deed of trust lien on the land and its lien upon the house, furniture, fixtures, etc.

■ There can be no valid lien without a valid debt or obligation. Until the debt

or obligation is established by judgment, there can be no foreclosure.

Prior to the entry of the foregoing judgment, trial briefs were filed in which the Bank took the position that a one-half interest in the foregoing 16½ acre tract of land had come into the hands of James H. Shaw charged with a statutory lien as the result of the alleged indebtedness of his deceased father, J. D. Shaw. To this trial brief proposition, appellees countered with the proposition that: "1. This court does not have jurisdiction against the claim of the estate of J. D. Shaw, deceased. 2. There can be no foreclosure of the deed of trust lien because the debt which it secured is shown not to be in existence * * *." (There was another point pertaining to limitation on the alleged $1,500 debt.)

Appellees in their reply brief contended that a necessity existed for an administration upon the estate of J. D. Shaw, deceased, and that there was no pleading under which the court could impress a statutory lien upon the property.

No appeal was taken by either party from the foregoing judgment and if it is a valid judgment, it has become final.

On March 15, 1955, the Bank filed another suit in the same court against James H. Shaw and Ellen Ione Shaw, a widow, being numbered 22,549–A upon the Civil Docket of said court in which it alleged the same indebtedness, except the $1,500 open account, and sought to have a statutory lien impressed upon the foregoing 16½ acres of land, still without establishing its debt against the estate of J. D. Shaw, deceased. Their prayer to their petition in said cause numbered 22,549–A reads as follows:

"Wherefore, Plaintiff prays that the Defendants be cited to appear and answer herein and that on final hearing hereof Plaintiff have judgment establishing its lien in the amount of Forty-One Thousand One Hundred Sixty-Five and 21/100 ($41,165.21) Dollars against the land hereinbefore de-scribed, together with interest and attorneys fees as herein alleged, as provided by law, that Plaintiff have judgment for foreclosure of the aforementioned lien and that Plaintiff recover its cost and interest, and for such other and further relief in law or in equity to which it may be entitled."

To the petition of the Bank in the last numbered cause, appellees filed a plea of Res Adjudicata. The plea was carried along without action until the conclusion of the trial. Upon conclusion of the trial, the trial court sustained the plea. The court found that the foregoing facts relative to cause No. 21,447–A were true and that the petition upon which the Bank went to trial in said cause No. 21,447–A, set up and described the same alleged indebtedness that it set up and described in cause No. 22,549–A. The trial court also found that the alleged debt upon which the deed of trust lien was sought to be foreclosed was not shown to be in existence and that no pleading was filed in said cause No. 21,447–A seeking to impress a statutory lien upon the 16½ acres of land. Said trial court concluded that the parties in said cause No. 21,447–A were the same as the parties in cause No. 22,549–A, and except for the fact that the Bank first sought to foreclose a deed of trust against said 16½ acres of land instead of seeking to impress and foreclose an alleged statutory lien in the last case, the subject matter was the same. He further concluded as a matter of law that: "The well established rule of law in this state that claims or demands which might have been adjudicated, but were not adjudicated, in a prior action cannot be adjudicated in a subsequent action * * *."

The Plea of Res Adjudicata was sustained and judgment entered that the Bank take nothing, hence the appeal.

Appellant brings forward one point of error complaining of the action of the trial court in sustaining appellees' Plea of Res Adjudicata and in rendering judgment for

appellees. The point is challenged by appellees. If the judgment in said cause No. 21,447–A is a valid judgment, the challenge is good. Unquestionably the same parties and the same subject matter were involved in the two suits, except for the question of deed of trust lien or statutory lien. The question of a statutory lien very definitely could have been alleged and disposed of in the first suit.

■■ The most serious question in this case is the validity of the judgment in cause No. 21,447–A against the estate of J. D. Shaw, deceased. In oral argument before this court, it was stated that the evidence in the last suit was the same as the evidence in the first suit. If so, the judgment in the first suit is void as to the estate of J. D. Shaw. A district court has only appellate jurisdiction when an administration is pending in the probate court, and even where there has been no administration, the district court cannot assert original jurisdiction to determine questions which should be raised in the county court after an administration has been sued out. There are exceptions to the rule, such as the time having expired for granting letters of administration, and where it is shown that there is no necessity for administration. But the presumption is that an administration is necessary and when a district court is asked to assume jurisdiction, the existence of an exception should be made to appear with reasonable certainty. 14–A Tex.Jur. Secs. 45, 49 and 50, pages 78, 79, 80, 82, 83 and 84, and authorities cited therein. See also Wilson v. Wilson, Tex. Civ.App., 216 S.W.2d 684, writ ref., n. r. e. We conclude that the judgment in cause No. 21,447–A is void. The judgment being void, the rule of Res Adjudicata cannot apply. 26 Tex.Jur. Sec. 72, page 382 and authorities cited therein. 50 C.J.S., Judgments, § 617, p. 38; 50 C.J.S. Judgments, § 703, p. 158.

As stated in Pearce v. Stokes, Tex., 291 S.W.2d 309–312: " * * * Where there is a necessity therefor the mortgagee himself can force the opening of an administration or the payment of his claim and thus avoid the expense and trouble of a sale under the deed of trust. Texas Probate Code, §§ 77 and 80. Arts. 3340 and 3357, V.A.T.C.S. If, alternatively, he elects to have the sale made and take a chance on the subsequent opening of an administration and a suit to cancel the sale, he should abide the consequences."

■ We have concluded as a matter of fact, and of law, that neither the pleadings nor the evidence in either case would support a judgment against the J. D. Shaw estate. The evidence in this case does not clearly reveal the amount of indebtedness due the Bank by Shaw Packing Company at the time of the death of J. D. Shaw, deceased, and there is no evidence upon which the trial court could have made such a finding. The evidence in the case shows that on May 22, 1951, there was a balance due by Shaw Packing Company to the Bank in the sum of $121,800. This was almost six months after the death of J. D. Shaw. Subsequent to May 22, 1951, the total payments made by Shaw Packing Company to the Bank amounted to $589,405.38. Under the law as adopted by the State of Texas, the rule in reference to the application of payments in such cases, in the absence of any request from the debtor, is to apply payments to the items longest due. International Shoe Company v. Kaufman, Tex.Civ.App., 270 S.W. 1109; Palm v. Johnson, Tex.Civ.App., 255 S.W. 1007. By application of such rule, all indebtedness due to the Bank by Shaw Packing Company was extinguished after the death of J. D. Shaw and before the filing of the first suit.

■ The guaranty agreement executed by J. D. Shaw to the Bank was a revocable agreement. When he died, the guaranty died with him. His estate was liable only for the amount of the indebtedness due by Shaw Packing Company to the Bank at the time of the death of J. D. Shaw. See International Shoe Company v. Kaufman, supra, and authorities cited therein; 21

Tex.Jur. 153–154, sec. 22; 38 C.J.S., Guaranty, § 37, p. 1175; 24 Am.Jur. 917, sec. 66.

We do not hold that the judgment in cause No. 21,447–A as to James H. Shaw, personally, upon his guaranty, is void. We do hold that the Plea of Res Adjudicata is good as to him and Mrs. Shaw, individually, and the appellant's point of error as affects him is overruled. Davis v. Biggs, Tex.Civ.App., 182 S.W.2d 1017, writ refused.

There being no pleading or evidence in the case appealed from upon which a valid judgment could be rendered against the estate of J. D. Shaw, deceased, the judgment from which the appeal was taken insofar as it affects the estate of J. D. Shaw, deceased, is set aside and the proceedings by the Bank against said estate is dismissed.

The judgment of the trial court is affirmed in part and in part reversed and dismissed.