TRI-COUNTY FARMER'S CO-OP,
Petitioners,

v.

Albert L. BENDELE, Respondent.

No. C-1471.

Supreme Court of Texas.

Oct. 6, 1982.

Bruce Waitz, San Antonio, for petitioners.

Britt, Combest & Fuini, John Britt, San Antonio, for respondent.

## PER CURIAM.

This is a usurious credit contract case arising under Tex.Rev.Civ.Stat. art. 5069–1.06. Tri-County Farmer's Co-op (Co-op) brought suit on a sworn account against Albert L. Bendele (Bendele), a Medina County farmer. Bendele, in counterclaim, alleged usurious credit practices on Co-op's part and sought the statutory remedies for usury under the penalty provisions of Art. 5069–1.06(1) and (2).[1]

---

1. At the time this suit arose, subsections (1) and (2) provided that:

(1) Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor twice the amount of interest contracted for, charged or received, and reasonable attorney fees fixed by the court provided that there shall be no penalty for a violation which results from an accidental and bona fide error.

(2) Any person who contracts for, charges or receives interest which is in excess of double the amount of interest allowed by this Subtitle shall forfeit as an additional penalty, all principal as well as interest and all other charges and shall pay reasonable attorney fees set by the court; provided further that any such person violating the provisions of this section shall be guilty of a misdemeanor and upon conviction thereof shall be punished by fine of not more than One Thousand Dollars. Each contract or transaction in violation of this section shall constitute a separate offense punishable hereunder.
Art. 5069–1.06(1)(2).

Subsection (1) was subsequently amended to mandate a triple interest penalty and also guar-

At trial, Bendele argued that the Co-op had engaged in usurious credit practices that involved charges and receipts of interest in excess of double the maximum rate [2] allowed by law. In response, Co-op conceded that it had entered into a usurious credit contract. It, however, denied any intent to charge or receive interest in excess of double the legal rate. As a specific defense to Art. 5069–1.06(2) liability,[3] the Co-op asserted that if there were any such charges or receipts they were a result of "accidental and bona fide error."[4] Alternatively, it pleaded that if such interest charges or receipts existed they were so slight a violation of the subsection (2) standard as to be incognizable under the statute as a matter of the doctrine of de minimis non curat lex. See, for discussion of the doctrine in usury cases, *Peightal v. Cotton States Bldg. Co.,* 25 Tex.App. 390, 61 S.W. 428, 432 (San Antonio 1901, no writ).

The case concluded with a judgment and an Art. 5069–1.06(1) penalty award to Bendele of double the interest on the contract and attorney's fees. The court's findings implied that the Co-op did bill in excess of double the legal interest rate, but concluded as a matter of law that any such charges were as a result of accidental and bona fide error or, alternatively, were so insignificant as to be excluded from review as a matter of the doctrine of de minimis non curat lex. The court then denied Bendele an Art. 5069–1.06(2) penalty award and rendered judgment for the Co-op for the $7,306.06 still due it on the contract[5] pursuant to Art. 5069–1.06(1).

The Court of Appeals subsequently reversed the trial court's denial of an award under Art. 5069–1.06(2) holding that the Co-op's failure to generally plead its defenses to the threshold issue of usury barred it from specially pleading the defenses solely

antee a minimum award of two thousand dollars or twenty percent of the principal, whichever is less. Acts. 1979, 66th Leg., p. 604, ch. 281, § 1. This change is not pertinent to the instant discussion.

2. A usurious contract is, of course, void as a matter of law. Tex. Const. art. XVI, § 11. Notwithstanding this fact, Art. 5069–1.06 provides that usurious contracts are still to be construed by a trial court in order to determine applicable penalty awards. This involves the creation of a legal fiction that inserts the maximum legal interest rate that could have been charged on the contract into the contract in question as an implicit term. Open accounts not originally subject to a credit agreement are read to include an agreed rate of 6% per annum. See Art. 5069–1.03. Open accounts incorporated into a specific oral or written credit agreement are construed to contain a 10% per annum rate. Art. 5069–1.02; *Mecey v. Seggern,* 596 S.W.2d 924, 927 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.). In practice, once the nature of the debt contract has been established (i.e., as a credit or non-credit contract), the trier of fact must ascertain the applicable rate of interest and then determine the existence of a usury violation by comparing the implied legal rate of interest with the rate actually used by the creditor. Once a usurious rate has been demonstrated, Art. 5069–1.06(1) penalties attach. Subsection (2) penalties are levied if, as a matter of simple arithmetic, the rate charged is in excess of double the legal rate implied by the statutory fiction.

3. Subsection (2) provides for a forfeiture by the creditor of all principal paid and owing on either the credit contract or non-credit debt in addition to the penalties enumerated in subsection (1). See Art. 5069–1.06(2) supra at n. 1. In the instant case, the Co-op stood to lose $10,613.96 in paid principal plus $7,308.06 still owed by Bendele as a subsection (2) forfeiture.

4. Though found only in Art. 5069–1.06(1), the defense, applies to all Art. 5069–1.06 penalties. See for discussion, *Tyra v. Bob Carroll Construction Co.,* 639 S.W.2d 690, 25 Tex.Sup. Ct.J. 429, 430 (Tex.1982).

5. The trial court below specifically found that the parties had entered into a verbal contract for credit. Oral agreements are cognizable as credit contracts for the purposes of Art. 5069–1.06. *Mecey v. Seggern,* 596 S.W.2d 924, 927 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.); see and compare *Preston Farm and Ranch Supply v. Bio-Zyme Enterprises,* 625 S.W.2d 295 (Tex.1981). The *Bio-Zyme* case, relied upon by the Court of Appeals in the instant case, 635 S.W.2d 459, 468, n. 9, was decided under § 2.204 of the Texas Business and Commerce Code. *Id.* at 300. We note that *Bio-Zyme* would apply here only if the trial court had found that Bendele was a merchant under § 2.104 of the Code. *Nelson v. Union Equity Co-operative Exchange,* 548 S.W.2d 352 (Tex. 1977). The trial court made no such finding; the Court of Appeals therefore erred in citing *Bio-Zyme* as authority for its analysis of the contract in question.

to escape Art. 5069–1.06(2) liability. The court then rendered judgment for Bendele voiding his outstanding debt and giving him the dollar amount of principal due as an additional penalty. It also reversed and remanded the issue of attorney's fees for a re-determination of the amount due Bendele in response to his pleadings that the original $4,175.00 award did not reflect the costs of appeal. Dissatisfied with the judgment, the Co-op filed this application for writ of error.

■ Contrary to the Co-op's first three points of error,[6] there is no reversible error in the appellate court's holding that the Co-op's failure to make a threshold pleading of its defenses to the charge of usury barred any subsequent assertion of the defenses to avoid Art. 5069–1.06(2) penalties. Though the statute is written in a disjunctive paragraph form, it is to be viewed as stating only one cause of action for usury. This unitary construction of Art. 5069–1.06 is consistent with our prior interpretations of the statute for purposes of determining the general application of the "accidental and bona fide error" defense to also rebut liability for the penalty provisions of subsection (2) even though the defense is stated only in subsection (1). See *Tyra v. Bob Carroll Construction Company,* 639 S.W.2d 690, 25 Tex.Sup.Ct.J. 429, 430 (Tex. 1982); compare *Windhorst v. Adcock Pipe and Supply,* 547 S.W.2d 260, 261 (Tex.1977).

■ There is a logical corollary implicit in these holdings that the accidental and bona fide error defense, as well as any other defense to the charge of usury, must be generally pleaded to the issue of usury. This is a threshold requirement to escape any of the penalty sanctions contained in the statute. The fact that Art. 5069–1.06 contains varying degrees of penalty provisions staircased in subsections (1) and (2) does not create two separate causes of action for which independent defenses are to be had. The imposition of the penalties is occasioned by the finding that there was a usurious practice. The degree of penaliza-

tion as explained supra at n. 6 is solely a matter of the severity of the violation. If the trial court finds that there was usury in excess of double the allowable interest rate, it must impose subsection (2) penalties as well as subsection (1) penalties. The Court of Appeals' award of principal to Bendele and its negation of the debt of principal due in the instant case was a correct application of Art. 5069–1.06.

■ Point Five of Co-op's application argues that the Court of Appeals erred by awarding Bendele the dollar amount of his debt ($7,308.06) due the Co-op as a penalty in addition to the cancellation of the debt. As Bendele concedes, this was in effect a double forfeiture award not contemplated by the statute. We agree.

Petitioner Co-op's application for writ of error is granted and summarily disposed of without oral argument pursuant to Tex.R. Civ.Pro. 483. We affirm the judgment of the Court of Appeals except as to its penalty award of an additional $7,308.06. On this point, we render judgment for the Petitioner and vacate this part of the judgment of the Court of Appeals. The cause is remanded to the trial court for reconsideration of the attorney's fees as ordered by the Court of Appeals.

---

**6.** We do not discuss the Co-op's Fourth and     Sixth Points of Error in this per curiam.