**BUCKNER GLASS & MIRROR INC., Appellant,**

v.

**T.A. PRITCHARD CO., INC., Appellee.**

No. 13–85–064–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 30, 1985.

John M. Gillis, Dallas, for appellant.

Courtenay L. Bass, Dallas, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

Buckner Glass and Mirror, Inc. appeals a summary judgment rendered by the trial court in favor of appellee T.A. Pritchard Co., Inc.

Buckner, a subcontractor, filed suit on May 24, 1984 against Pritchard, the contractor, for the cost of labor and materials used in constructing improvements on some Dallas property. The petition alleged that the amount owed Buckner was $16,-682.00, plus attorney's fees and costs. Both parties filed motions for summary judgment. Pritchard claims in its motion that Buckner was paid the full amount called for under their agreement. This claim was supported by summary judgment proof. They argued in their motion that payment of the full amount of the debt extinguished any further claim for relief that Buckner might have against Pritchard for attorney's fees. Buckner's motion for summary judgment sets forth the following uncontroverted facts: Buckner made written demand for payment of a debt for $33,620.00; payment of $16,938.00 was made within thirty days of their demand; and $16,682.00 was paid more than thirty days after a written demand had been made. The parties agreed that the only issue in controversy was whether payment in full of the principal debt more than thirty days after written demand but while a lawsuit is pending precludes further liability for attorney's fees, pre-judgment interest and costs. The trial court granted Pritchard's motion for summary judgment, denying Buckner recovery of attorney's fees.

In Buckner's sole point of error, he argues that the trial court erred in granting summary judgment for Pritchard because liability for attorney's fees and costs is triggered after the expiration of thirty days following formal presentment of the unpaid valid claim, regardless of whether a formal judgment has been obtained.

We first note that this is a summary judgment case and the presumptions and burden of proof for a conventional trial are immaterial to the burden that Pritchard, as movant, must bear. *Missouri-Kansas-Texas R.R. Co. v. City of Dallas*, 623 S.W.2d 296 (Tex.1981). In order to uphold the summary judgment, we must determine that no fact issue exists and in so doing, we must resolve all doubts against Pritchard. *Nixon v. Mr. Property Management*, 690 S.W.2d 546 (Tex.1985); *see City of Hous-*

*ton v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

██ The language of TEX.REV.CIV. STAT.ANN. art. 2226 (Vernon Supp.1985) reads, in pertinent part:

Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation ... upon a sworn account or accounts, or suits founded on oral or written contracts, may present the same to such persons or corporation ... and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees.

TEX.REV.CIV.STAT.ANN. art. 2226 has been amended several times, most recently in 1979. The legislature has mandated that the act be liberally construed to promote its underlying purposes. One purpose of the statute is to discourage parties from unnecessarily litigating and defending a just claim. *McKinley v. Drozd,* 685 S.W.2d 7 (Tex.1985).

██ Prior to 1977, the statute provided that if, "at the expiration of thirty days [after presenting claim], the claim has not been paid or satisfied and [the claimant] *should finally obtain judgment* for any amount thereof as presented for payment. .., he may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees." Act of May 17, 1971, Ch. 225, § 1, 1971 TEX.GEN.LAWS 1073; *McKinley v. Drozd,* 685 S.W.2d at 10 (Emphasis ours). The language *should finally obtain judgment* was deleted from the statute as amended in 1977. When the legislature amends a law, it is presumed that it intends to change the law. *American Surety Co. of New York v. Axtell Co.,* 120 Tex. 166, 36 S.W.2d 715 (1931); *Travenol Laboratories, Inc. v. Bandy Laboratories, Inc.* 608 S.W.2d 308 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.) We give effect to the legislature's deletion of the words "should finally obtain judgment." We find that the effect

of the deletion of that language is to negate the requirement that a judgment must be obtained in order to recover attorney's fees. *Enriquez v. K & D Development & Construction, Inc.* 567 S.W.2d 40 (Tex.Civ. App.—El Paso 1978, writ ref'd n.r.e.). Under the present wording of the statute, a claimant is required only to have a valid claim and a "just amount owing" not tendered or paid within thirty days after the presentment of the claim has been made. While both of these elements must be established by evidence presented to the trial court, we interpret the statute to no longer require a formal judgment in order to recover. For us to hold otherwise would, in effect, encourage a means by which unnecessary litigation could be prolonged and contravene the intent of the statute.

██ In Buckner's pleading and motion for summary judgment, he claims entitlement to attorney's fees. The summary judgment evidence includes the affidavit of their attorney, John M. Gillis. He testifies to the services he rendered to them in this cause and claims that the services he performed were necessary and that the charges were reasonable. We find that this evidence is sufficient to raise a fact issue as to Buckner's entitlement to attorney's fees.

██ In their brief, appellant asks this Court to either reverse and render or alternatively reverse and remand this case. Where both parties file motions for summary judgment in the trial court and one is granted and one is denied, an appellate Court may render such judgment as the trial court should have rendered on all questions *presented. Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396 (1958). (Emphasis ours). A party appealing the denial of a summary judgment must properly preserve this issue on appeal. *Holmquist v. Occidental Life Insurance Co. of California,* 536 S.W.2d 434 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). Here, appellants raise only the improper grant of appellee's motion for summary judgment, but do not preserve error of the trial court in failing to grant their motion. Therefore,

we cannot render judgment, but remand the case to the trial court for a determination of the award of attorney's fees.

The judgment of the trial court is REVERSED and the cause is REMANDED.