Albert **BENSER**, Appellant,

v.

**INDEPENDENCE BANK**, Henrietta Allee, Robert E. Myrin, Joseph E. Casperone, Jess S. Epps, Jr., and Donald E. Davis, Appellees.

No. 05–86–00648–CV.

Court of Appeals of Texas, Dallas.

July 20, 1987.

Rehearing Denied Aug. 19, 1987.

Larry Feldman, Sol Ballas, Dallas, for appellant.

Robert S. Leithiser, Dallas, for appellees.

Before WHITHAM, McCLUNG and LAGARDE, JJ.

## ON MOTION FOR REHEARING

WHITHAM, Justice.

We grant the motion for rehearing of appellees, Henrietta Allee, Robert E. Myrin, Joseph E. Caperone, Jess S. Epps, Jr., and Donald E. Davis (the Allee parties) and withdraw our opinion of May 20, 1987. The following is now our opinion.

In this usury case, all parties moved for summary judgment. The trial court denied appellant, Albert Benser's, motion and he appeals from a summary judgment in favor of the Allee parties. The Allee parties are junior lienholders seeking to have Benser's senior lien declared void for usury. We conclude that a junior lienholder does not have standing to assert any usury claim that a third-party borrower might have against a senior lienholder. Accordingly we reverse and remand.

The borrower, Thomas E. Morris, executed and delivered a note and deed of trust to Metropolitan National Bank. Benser guaranteed payment. Upon Morris's default, Benser paid the balance due. Metropolitan Bank assigned the note and deed of trust to Benser. Thereafter, Benser initiated foreclosure proceedings under the deed of trust. On August 31, 1984, and prior to foreclosure, Benser and Morris made a renewal and extension agreement and the foreclosure proceedings terminated. Later, on September 24, 1984, Morris executed a note and deed of trust to Independence Bank. The Allee parties guaranteed payment. Upon Morris' default, the Allee parties paid the balance due. Independence Bank assigned the note and deed of trust to the Allee parties. The Metropolitan Bank and the Independence Bank deeds of trust both created deed of trust liens upon the same property. The Allee parties concede that they are junior lienholders.

The present case arises from the efforts of both Benser and the Allee parties to foreclose their respective deed of trust liens upon the same property. The usury issues focus on a sum of money Morris paid Benser as a part of the Benser-Morris renewal and extension agreement. Benser maintains that the money paid was the consideration for his terminating the initiated foreclosure proceedings. The Allee parties assert that the money paid was compensation for the use of money and, therefore, interest. TEX.REV.CIV.STAT. ANN. art. 5069–1.01(a) (Vernon 1987). Further, the Allee parties insist that this interest is in excess of the amount allowed by law and, therefore, constitutes usury.

Article 5069–1.01(d). Thus, the Allee parties argue that Benser's senior lien must be declared void. The Allee parties reason that Benser's senior lien has been extinguished as a result of a usurious transaction in which the interest charged was greater than two times that allowed by law. Benser responds that the Allee parties have no standing, as junior lienholders, to assert any usury claim that Morris might have. For the purposes of this opinion, we assume, but do not decide, that the sum of money Morris paid Benser as a part of the Benser-Morris renewal and extension agreement caused a usurious transaction. Thus, we reach the principal issue.

■■■ The dispute centers on whether a junior lienholder is an exception to a general rule. The Allee parties concede that "[t]he general rule is that the penalty provisions of the usury statutes, article 5061–1.01 [sic] et seq., of the Texas Revised Civil Statutes, can be utilized only by the immediate parties to the transaction." The Allee parties state the rule correctly. Rights of redress provided by the usury statutes, article 5069–1.06 of the Texas Revised Civil Statutes, are restricted to those who are original parties to the usurious contract. *Micrea, Inc. v. Eureka Life Insurance Co. of America,* 534 S.W.2d 348, 354 (Tex.Civ. App.—Fort Worth 1976, writ ref'd n.r.e.). Of course there might be a right to question a usurious contract by one in privity with the borrower, but if so he is obliged to show that it is based upon and derivative from the borrower's right. The foregoing is more or less "Hornbook Law." *Micrea, Inc.,* 534 S.W.2d at 354. Article 5069–1.06 provides in plain language that the prescribed penalties be forfeited "to the obligor." Such language evidences the Legislature's intent that the usury defense remain personal to the debtor. Since statutes of a penal nature are to be strictly construed, the penalty forfeitures provided in Article 5069–1.06 are restricted to the immediate parties to the transaction creating the usury defense. *Houston Sash & Door Co. v. Heaner,* 577 S.W.2d 217, 222 (Tex.1979), *citing, Micrea, Inc.,* 534 S.W.2d 348. If a usury defense remains personal to the debtor, it follows, and we so hold, that a usurious claim remains personal to the debtor. Thus, we conclude that the Allee parties are without standing to assert any usury claim that Morris might have unless they fall within their asserted exception to the general rule.

As their exception to the general rule, the Allee parties contend that rights of redress provided by article 5069–1.06 are available to junior lienholders who are not original parties to the usurious contract or in privity with an original party to the usurious contract. The Allee parties locate this exception in the following holdings found in two cases decided in the 1890s. A junior mortgagee may set up usury in the senior mortgage. *Johnson v. Lasker Real-Estate Ass'n.,* 2 Tex.Civ.App. 494, 21 S.W. 961, 962 (1893, no writ). A junior mortgagee, or the purchaser under such a mortgage, who has the right to pay off the debt that creates the prior incumbrance, should have the right to discharge such incumbrance by paying only so much of the debt as is recognized by the law to be valid. *Maloney v. Eaheart,* 81 Tex. 281, 284, 16 S.W. 1030, 1031 (1891). (*Maloney* reached this holding in the face of a contention that the plea of usury is the personal privilege of the debtor and was not available to the purchaser under the junior mortgage. *Maloney,* 16 S.W. at 1030.) Thus, the Allee parties reason that they have the right to discharge the Benser debt to protect their junior lien, but are required to discharge only the amount recognized by law to be valid. The Allee parties reason further that they may assert usury to establish that none of the senior debt is valid because Benser charged more than two times the interest allowed. Thus, the Allee parties argue that Benser has forfeited all principal as well as interest and all other charges. Article 5069–1.06(2). Hence, the Allee parties insist that Benser's debt has been discharged, that his senior lien has been extinguished and, therefore, nothing is due Benser because the law recognizes none of his debt to be valid.

Benser replies that the Allee parties' reliance on *Johnson* and *Maloney* is misplaced. Benser points out that the statu-

tory scheme in existence when *Johnson* and *Maloney* were decided differed from the present usury statute. The Supreme Court in *Maloney* described the controlling statutory provision:

> Our statutes declare that "all written contracts whatsoever, which may in any way, directly or indirectly, stipulate for a greater rate of interest than twelve per cent per annum, shall be void and of no effect" for the whole rate of interest. Article 2980. They also direct "that the provisions thereof shall be liberally construed, with a view to effect the objects and to promote justice." See final title, Rev. St.

*Maloney,* 16 S.W. at 1031. Thus, Benser asserts that the emphasis in the *Maloney* statutory scheme was the "contract" which the statute declared "void" if usurious. Benser reads the *Maloney* statute to contain no limitation upon who could seek relief. Hence, Benser tells us that the courts "in deciding *Johnson* and *Maloney* could justifiably permit a junior lienholder to invoke the remedy provided by [the statute then in effect]." Benser, however, argues that the focus has shifted from the "contract" to the "obligor" under the present statute in the language:

> Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to *the obligor* three times the amount of usurious interest contracted for, charged or received, such usurious interest being the amount the total interest contracted for, charged, or received exceeds the amount of interest allowed by law, and reasonable attorney fees fixed by the court except that in no event shall the amount forfeited be less than Two Thousand Dollars or twenty percent of the principal, whichever is the smaller sum; provided, that there shall be no penalty for any usurious interest which results from an accidental and bona fide error.

TEX.REV.CIV.STAT.ANN. art. 5069-1.-06(1) (Vernon 1987) (emphasis added). Benser, therefore, reasons that a junior lienholder is not an "obligor" since a junior lienholder owes no obligation to pay the underlying indebtedness secured by the senior lien.

Even today under the Texas usury statutes, article 5069-1.01 et seq., a usurious contract is void. A usurious contract is, of course, void as a matter of law. TEX. CONST. art. XVI, § 11; *Tri-County Farmer's Co-op v. Bendele,* 641 S.W.2d 208, 209 n. 2 (Tex.1982) (a case arising under article 5069-1.06). Nevertheless, we conclude that under article 5069-1.06 a junior lienholder does not have standing to assert any usury claim that a third-party borrower might have against a senior lienholder. We reach this conclusion for two reasons. First, article 5069-1.01 et seq. focuses in article 5069-1.06 upon the offended borrower—"the obligor"—and forfeiture to that "obligor." Second, we must heed the Supreme Court's emphasis on the "obligor." Article 5069-1.06 provides in plain language that the prescribed penalties be forfeited "to the obligor." *Houston Sash & Door,* 577 S.W.2d at 222. Such language evidences the Legislature's intent that the usury defense remain personal to the debtor. *Houston Sash & Door,* 577 S.W.2d at 222. Since statutes of a penal nature are to be strictly construed, the penal forfeitures provided in article 5069-1.06 are restricted to the immediate parties to the transaction creating the usury defense. *Houston Sash & Door,* 577 S.W.2d at 222.

In light of these clear and emphatic expressions in *Houston Sash & Door,* we are unwilling to say that under article 5069-1.-06 a junior lienholder is an exception to "restricted to the immediate parties to the transaction" as put by the Supreme Court. *Houston Sash & Door,* 577 S.W.2d at 222. We are bound by the pronouncements of the Texas Supreme Court on the law until the court states to the contrary. *Jones v. Hutchinson County,* 615 S.W.2d 927, 933 (Tex.Civ.App.—Amarillo 1981, no writ). Therefore, we leave it to the Supreme Court to state whether a junior lienholder is an exception to the rule that rights of redress provided by the present usury statutes are restricted "to the immediate parties to the transaction." *Houston Sash & Door,* 577 S.W.2d at 222; *Micrea Inc.,* 534

S.W.2d at 354. Consequently, it follows that the Allee parties do not have standing, as junior lienholders, to assert any usury claim that Morris had against Benser because the Allee parties are neither the "obligor" under article 5069–1.06 nor immediate parties to the transaction creating the usury claim. Therefore, we conclude that the trial court erred in granting the Allee parties' motion for summary judgment.

■ Although Benser in the prayer in his brief asks that we render judgment that his lien has priority, he does not assign or argue denial of judgment that his lien has priority as error in the trial court. Indeed, Benser's trial pleadings pray "that [the Allee parties] take nothing by this action." Nowhere in his trial-pleading prayer does Benser seek judgment declaring that his lien has priority. There is no rule or statute that authorizes appellate consideration of errors for which there was no trial predicate that complained of the error. *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982); *see* TEX.R.APP.P. 52(a). Furthermore, Benser does not, by an assignment in a point of error or by argument, complain that the trial court erred in failing to grant his motion for summary judgment. When both parties file motions for summary judgment and one such motion is granted, then the trial court's judgment is final and appealable and, on appeal, this court should determine all questions presented. *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400 (1958). If reversible error is found, this court should render such judgment as the trial court should have rendered. *Tobin,* 316 S.W.2d at 400. Where, however, the only error assigned by the appellant complains of the granting of the appellee's motion for summary judgment and there is no assignment of error that the trial court erred in failing to grant the appellant's own motion for summary judgment, this court may not render judgment. *See Buckner Glass & Mirror v. T.A. Pritchard Co.,* 697 S.W.2d 712, 714–15 (Tex.App.—Corpus Christi 1985, no writ); *Holmquist v. Occidental Life Insurance Co.,* 536 S.W.2d 434, 438 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.). Instead, we may only remand the cause to the trial court. *Buckner Glass,* 697 S.W.2d at 714–15; *Holmquist,* 536 S.W.2d at 438. Consequently, we conclude that Benser is not entitled to rendition of a judgment declaring that his lien has priority, nor is he entitled to rendition of a take-nothing judgment on his own motion for summary judgment. All assignments of error not brought forward as points of error are waived. *Mullinax, Wells, Ball and Cloutman, P.C. v. Sage,* 692 S.W.2d 533, 536 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

Accordingly, we reverse the trial court's judgment and remand the cause to the trial court.

### JUDGMENT

The motion for rehearing of appellees, Henrietta Allee, Robert E. Myrin, Joseph E. Casperone, Jess S. Epps, Jr., and Donald E. Davis filed June 3, 1987, is hereby GRANTED. Our judgment of May 20, 1987, is vacated. The following is now our judgment.

In accordance with this court's opinion of this date, the trial court's judgment in favor of appellees, Henrietta Allee, Robert E. Myrin, Joseph E. Casperone, Jess S. Epps, Jr., and Donald E. Davis is REVERSED. The cause is REMANDED to the trial court for further proceedings.

It is ORDERED that appellant, Albert Benser, recover his costs in this court from appellees, Henrietta Allee, Robert E. Myrin, Joseph E. Casperone, Jess S. Epps, Jr., and Donald E. Davis. The clerk of the district court is directed to release to appellant, Albert Benser, his cash deposit in lieu of cost bond.

LAGARDE, J., concurring with opinion.

LAGARDE, Justice, concurring.

I join the majority in granting the Allee parties' motion for rehearing and I withdraw my opinion of May 20, 1987. The following is now my opinion.

I agree only with the result reached by the majority. Generally, I would hold that, for the limited purpose of determining pri-

ority of competing liens on the same property, a junior lienholder has standing to assert that a senior lien is totally or partially void due to usury. However, the allegedly usurious contract here is the renewal and extension agreement, and Benser's senior lien would not be tainted or invalidated by any usury in that separate agreement which was executed after the inception of Benser's lien. Thus, here, the Allee parties have no standing to have determined the question of whether the renewal and extension agreement is usurious, because their rights would not be affected by any usury in that agreement. On this basis, I agree with the majority that the trial court's judgment be reversed and the cause remanded to the trial court.

## A. *Article 5069–1.06 and Houston Sash & Door Co. v. Heaner*

As a general rule, only those parties with a justiciable interest in the subject matter of a lawsuit have standing to sue. *See Holland v. Taylor,* 153 Tex. 433, 436, 270 S.W.2d 219, 221 (1954); *City of Waco v. Akard,* 252 S.W.2d 496, 499 (Tex.Civ.App.—Waco 1952, writ ref'd n.r.e.). Therefore, an understanding of the nature of the relief sought by the Allee parties is crucial to the resolution of the standing issue before us. The Allee parties sued under the Texas Declaratory Judgment Act. They sought: 1) a declaration that Benser's lien is void because of usurious interest charged by Benser in connection with the renewal and extension agreement between Benser and Morris; 2) a declaration that Benser's lien is secondary and inferior to the Allee parties' lien; and 3) a declaration that the Allee parties' lien be satisfied first out of any foreclosure proceeds from the sale of Morris's property.

This is essentially a priority case. However, the majority characterizes this case as a "usury case" and holds that "a junior lienholder does not have standing to assert any usury claim that a third-party borrower might have against a senior lienholder." Under the majority's holding, a junior lienholder would *never* be able to assert the voidness of a senior lienholder's lien due to usury. This holding is in direct conflict

with *Johnson v. Lasker Real Estate Ass'n,* 2 Tex.Civ.App. 494, 21 S.W. 961, 962 (1893, no writ), which held that a junior mortgagee may set up usury in a senior mortgage. The majority reasons that *Johnson* is no longer applicable because the current usury statute, article 5069–1.06, provides that usury penalties be forfeited "to the obligor," whereas the usury statute in effect when *Johnson* was decided provided that a usurious contract is void without placing a limitation on who could recover usury penalties. The majority also relies on the emphasis placed on the "obligor" language in article 5069–1.06 by the Supreme Court of Texas in *Houston Sash & Door Co. v. Heaner,* 577 S.W.2d 217 (Tex.1979).

The majority's reliance on the language in article 5069–1.06 is misplaced for two reasons. First, as the majority recognizes, a usurious contract is void as a matter of law even under the current statutory scheme. *See Tri-County Farmer's Co-op v. Bendele,* 641 S.W.2d 208, 209 n. 2 (Tex. 1982). Therefore, the fact that the usury statute in effect when *Johnson* was decided expressly provided that a usurious contract is void, while article 5069–1.06 contains no similar provision, is not a valid basis for distinguishing *Johnson.*

Second, and more importantly, article 5069–1.06 does not purport to be and is not an all-encompassing limitation on who may assert usury or when usury may be asserted. Rather, that statute is remedial in nature because it specifies *who can collect usury penalties.* Article 5069–1.06(1) provides that "[a]ny person who contracts for, charges or receives [usurious] interest ... *shall forfeit to the obligor* " the penalties prescribed by that statute. TEX.REV.CIV. STAT.ANN. art. 5069–1.06(1) (Vernon Supp.1987) (emphasis added). I will concede that the Allee parties are not "obligors," and, therefore, they could not sue to recover the penalties prescribed by article 5069–1.06. However, that fact is irrelevant because the Allee parties are not seeking to recover usury penalties here. The Allee parties are asserting the voidness of Benser's lien, due to usury, in a suit for a

determination and declaration of priority between competing liens on Morris's land.

Similarly, the majority's reliance on *Houston Sash* is misplaced. In that case, Houston Sash sued Bedford Corporation for a debt owed by Bedford under its open account with Houston Sash. Houston Sash also sued Heaner, an officer of Bedford, who had guaranteed Bedford's open account debt in a separate written guaranty agreement with Houston Sash. Heaner was only an obligor under his written guaranty agreement with Houston Sash. He was not a co-obligor under Bedford's open account. Therefore, the court held that Heaner's estate could not interpose Bedford's usury defense *to avoid liability* under the guaranty agreement—i.e., Heaner's estate could not assert usury in the open account, to which Heaner was not an obligor, as a defense to Heaner's own obligation to pay the debt incurred by Bedford on the open account. *See Houston Sash*, 577 S.W.2d at 222.

In *Houston Sash*, the Supreme Court of Texas does use the "obligor" language from article 5069–1.06 to limit who may assert usury. However, the limitation enunciated in that case applies only where a party is attempting to use the usury in one transaction to which he is not an obligor as a defense to his own obligation to pay money under a separate non-usurious contract. Thus, the Texas Supreme Court uses the word "defense" to mean raising usury as a means of *avoiding liability* for a debt or obligation owed by the party raising usury. In *Micrea, Inc. v. Eureka Life Ins. Co. of Amer.*, 534 S.W.2d 348 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.), the case cited by the Supreme Court in *Houston Sash* and by the majority here for the proposition that the usury defense is restricted to the immediate parties to the usurious transaction, the court also used the word "defense" in reference to an attempt to avoid liability. *See Micrea, Inc.*, 534 S.W.2d at 354 ("[o]ne who has not himself paid usurious interest and whose individual contract with a lender, in relation to a loan made to another, does not provide for usurious interest *may not avoid liability* on the ground that usurious interest

was paid by the principal debtor, *the defense of usury* or right of action growing out of the contract providing therefor or actual collection of usurious interest *being purely personal to the borrower* for whose protection the statutes were enacted") (emphasis added). While it is true that we are bound by the pronouncements of the Texas Supreme Court, we are not bound to extend the holdings of that court. Here, the majority has extended the *Houston Sash* holding to a situation that was not expressly or implicitly addressed in that opinion. Under the majority's holding, *Houston Sash* stands for the proposition that a party who is not an obligor to a transaction cannot assert usury in that transaction for any purpose. I cannot agree.

Once again, I will concede that the Allee parties, like any junior lienholders, are not obligors under a senior mortgage. However, under the reasoning in *Houston Sash*, the Allee parties' non-obligor status is irrelevant because they are not seeking to avoid liability for a debt owed by them. Rather, they are seeking a declaration of priority between competing liens on the same piece of property.

### B. *General Rule: A junior lienholder does have standing to assert usury against a senior lienholder*

After a close examination of the language in article 5069–1.06 and the *Houston Sash* opinion, it is clear that neither of those two authorities controls the standing issue before us. Those two authorities establish two propositions: 1) a non-obligor may not sue to recover usury penalties; and 2) a person may not assert usury in a transaction under which he is not an obligor as a defense to avoid his personal liability for a debt. Neither of those propositions controls when a junior lienholder sues under the Texas Declaratory Judgment Act for a determination of priority, as the Allee parties did here. Instead, the provisions of that statute, which are now found in the Texas Civil Practice and Remedies Code, govern whether the junior lienholder has standing. Section 37.004(a) of

the Texas Civil Practice and Remedies Code provides:

### Subject Matter of Relief

(a) A *person interested under a* deed, will, *written contract,* or other writings constituting a contract *or whose rights,* status, or other legal relations *are affected by a* statute, municipal ordinance, *contract,* or franchise *may have determined any question of* construction or *validity arising under the instrument,* statute, ordinance, contract, or franchise *and obtain a declaration of rights, status, or other legal relations thereunder.*

TEX.CIV.PRAC. & REM.CODE ANN. § 37.004(a) (Vernon 1986) (emphasis added). I would hold that as a general rule, under section 37.004(a), a junior lienholder has standing to assert that a senior mortgage is usurious because the junior lienholder's rights are affected by the validity of a senior mortgage.

In Texas, prior to foreclosure, a mortgagee has only a lien on the mortgaged land to secure payment of a debt owed by the mortgagor. *See Karcher v. Bousquet,* 672 S.W.2d 289, 292 (Tex.App.—Tyler 1984, writ ref'd n.r.e.); *see also Taylor v. Brennan,* 621 S.W.2d 592, 593 (Tex.1981) (Texas follows lien theory of mortgages). A lien is the right to have satisfaction out of the property that is mortgaged to secure the payment of a debt. *See Texas Bank & Trust Co. of Dallas v. Custom Leasing, Inc.,* 402 S.W.2d 926, 930 (Tex.Civ.App.—Amarillo 1966, no writ). The right of satisfaction is the first right of a junior lienholder that is affected by the validity of a senior mortgage.

A determination of priority between competing liens is essentially a ranking of the liens in the order that they are entitled to be satisfied out of any foreclosure sale proceeds. Under basic mortgage principles, a valid and specific debt is necessary to support a lien. *See Calvert v. Hull,* 475 S.W.2d 907, 911 (Tex.1972); *Tyler Bank & Trust Co. v. Shaw,* 293 S.W.2d 797, 800 (Tex.Civ.App.—Texarkana 1956, writ ref'd n.r.e.). With this in mind, it should be remembered that a usurious contract is void as a matter of law. *See Tri-County Farmer's Co-op v. Bendele,* 641 S.W.2d 208, 209 n. 2 (Tex.1982); *see also Christian v. Manning,* 59 S.W.2d 234, 236 (Tex.Civ. App.—Fort Worth 1933) (deed of trust given solely for usurious interest is null and void), *modified,* 124 Tex. 517, 81 S.W.2d 54 (1935). Thus, if the contract creating the indebtedness underlying a senior lien is void because of usury, the lien must fall with it. *Cf. Lawson v. Giggs,* 591 S.W.2d 292, 294 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.) (a mortgage is an incident of the debt and as long as the debt exists the security follows the debt). Of course, under article 5069–1.06, the contract creating the indebtedness that is secured by a lien may be either totally or partially void depending upon the amount of usurious interest charged. *See TEX. REV.CIV.STAT.ANN.* art. 5069–1.06(1) (Vernon Supp.1987) (person charging usurious interest in excess of double the amount allowed by law forfeits all *principal and interest* ); *id.* (2) (person charging usurious interest less than double the legal limit forfeits three times the amount of usurious *interest* charged). A senior mortgagee loses his right to share in any foreclosure proceeds to the extent that his lien on the property is void. Therefore, it is clear that a junior mortgagee has a justiciable interest in determining the extent of the validity of a senior lien because that determination controls when and if his lien may be satisfied out of any foreclosure proceeds.

A second right of a junior lienholder that is affected by the validity of a senior mortgage is the junior lienholder's right to remove the lien of a prior usurious mortgage by discharging the amount of the debt secured by the prior lien to the extent that the debt is valid and lawful (the right of discharge). *See Maloney v. Earheart,* 81 Tex. 281, 284, 16 S.W. 1030, 1031 (1891). The greater the amount of the debt, secured by a senior lien, that is invalid under article 5069–1.06, the less that a junior lienholder has to pay in order to discharge that lien.

For the reasons set forth above, I would hold that a person holding a junior lien on a

particular property is a person whose rights, status, and legal relations are affected by and dependent upon the validity of a senior mortgage on the same property. In short, a junior lienholder has a justiciable interest and may assert usury in a priority dispute with a senior lienholder, because the junior lienholder has a lien on the same property that is the security for the senior lien, and because the junior lienholder's rights with respect to that property are affected by any usury existing in the senior mortgage. Thus, under section 37.-004(a) of the Texas Civil Practice and Remedies Code, a junior lienholder may have determined the question of whether a senior mortgage is usurious, and may obtain a declaration of priority between the competing liens. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 37.004(a) (Vernon 1986) ("a person ... whose rights ... are affected by a ... contract ... may have determined any question of ... validity arising under the instrument ... and obtain a declaration of rights, status, or other legal relations thereunder").

### C. *Application of the general rule to the Allee parties*

As can be seen from the foregoing analysis, the determination of whether a junior lienholder has standing to assert usury under section 37.004(a) is a three-step process. First, the junior lienholder's rights are identified. Second, the written contract that the junior lienholder is challenging as usurious is identified. Finally, a determination is made as to whether the junior lienholder's rights would be affected by the validity of the allegedly usurious contract.

The Allee parties do not contend that the original note and deed of trust between Benser and Morris are usurious. The allegedly usurious contract here is the separate renewal and extension agreement between Morris and Benser. Even if that separate renewal agreement is usurious, the original indebtedness and Benser's senior lien securing that indebtedness would still be valid and enforceable. *See Cain v. Bonner,* 108 Tex. 399, 401, 194 S.W. 1098, 1098 (1917); *Southwest Realty Co. v. Barron,* 113 S.W.2d 991, 994–95 (Tex.Civ.App.

—Galveston 1938, no writ). Therefore, the Allee parties' rights of satisfaction and discharge would not be affected by any usury in the separate renewal agreement. Thus, I would hold that the Allee parties do not have standing to assert that the renewal agreement is usurious. Consequently, I would join the majority in reversing the judgment of the trial court and in remanding the cause to that court for further proceedings.