**RISICA & SONS, INC., Appellant,**

v.

**TUBELITE, A DIVISION OF INDAL, INC., Appellee.**

No. 13–89–258–CV.

Court of Appeals of Texas,
Corpus Christi.

June 14, 1990.
Rehearing Overruled Aug. 31, 1990.

Sidney R. Meadows, Freeland & Meadows, Frank J. Enriquez, Ortiz, Garcia, Gonzalez & Enriquez, McAllen, for appellant.

Robert B. McLeaish, McAllen, for appellee.

Before NYE, C.J., and BENAVIDES and KEYS, JJ.

OPINION

NYE, Chief Justice.

This is a usurious interest case. Appellee, Tubelite, sued appellant, Risica & Sons, Inc., to recover $42,194.62 as payment for goods and services which it furnished to Risica. Risica counterclaimed, alleging that Tubelite had charged it usurious interest in excess of two times the amount

legally authorized. The suit was tried before the court without a jury. The court made findings of fact and conclusions of law. Judgment was entered favorable to Tubelite for $32,920.25 in principal and $9,768.17 in interest, plus $2,000.00 in attorneys fees. By two points of error, Risica attacks the factual and legal sufficiency of the evidence to support the trial court's judgment and contends that the trial court erred by failing to admit certain items into evidence. We reverse and render judgment for Risica.

In preparing a construction bid, Risica, a sub-contractor, relied on a price quotation submitted to it by Tubelite, a materials supplier. This written price quotation was contained in a letter dated February 5, 1985. After its bid was accepted, Risica sent Tubelite a purchase order on March 25, 1985. This purchase order gave Tubelite notice to begin work on their shop drawings. After receiving the purchase order, Tubelite sent Risica an "acknowledgment" followed by the shipment of merchandise. The first page of each acknowledgment stated that "Acceptance hereof is limited to the terms and conditions appearing on the front and reverse side hereof." Paragraph four on the reverse side stated that "Past due invoices will be subject to a service charge of one-and-a-half percent per month at an annual rate of 18 percent."

An invoice followed each shipment of merchandise to Risica. A statement on the invoice referred to the acknowledgment and said: "past due invoices will be subject to a service charge." Tubelite also sent Risica "Statements of Account." These statements of account stated that "a finance charging [sic] is computed at the rate of one-and-a-half percent per month A.P.R. of 18 percent on all accounts more than 15 days past due."

William McDanield, Tubelite's credit manager, admitted that the original price quotation letter of February 5, 1985, containing the price quotation for Risica's bid did not state that any interest was to be charged. It was this quotation from Tubelite that Risica used in its bid to its main contractor. McDanield said, however, that none of Risica's personnel objected to any of the *later* references to interest charges. The evidence showed that Tubelite elected not to bill Risica for the one-and-a-half percent monthly service charge for over a year. After April 30, 1986, the principal balance owed by Risica was $42,920.25. It was after this date that Tubelite started charging Risica interest at the rate of one-and-one-half percent per month. After that date, Risica paid $10,000.00 on the principal account it owed Tubelite. McDanield also admitted that when Risica did make a payment, Tubelite always credited the amount paid to the principal and never to the interest it had charged. Risica's vice-president, Ronald Risica, testified that Risica never agreed to pay any interest to Tubelite, and, as far as he knew, never paid any of the interest charges.

In its first point of error, Risica attacks the factual and legal sufficiency of the evidence to support the trial court's finding that an agreement existed to charge Risica eighteen percent interest per annum. By one sub-point, Risica complains that the judgment is erroneous because it fails to recognize that Tubelite charged a usurious interest rate. In considering a "no evidence", "insufficient evidence" or "against the great weight and preponderance of the evidence" point of error, we will follow the well-established test set forth in *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.— Corpus Christi 1981, writ ref'd n.r.e.); and Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960).

The issue of whether an agreement (concerning interest to be charged) was reached by the parties is generally a question of fact where the existence or nonexistence of the agreement is disputed. *Preston Farm & Ranch Supply, Inc. v. Bio–Zyme Enterprises*, 625 S.W.2d 295, 298 (Tex.1981); *Industrial Disposal Supply Co. v. Perry-*

*man Brothers Trash Service, Inc.,* 664 S.W.2d 756, 765 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). Whether the parties agreed to pay interest and/or a specified rate of interest is disputed in the instant case. The trial court found, however, that the "dealing" between Tubelite and Risica gave rise to an agreement wherein Tubelite would charge Risica one-and-one-half percent interest per month on accounts which were fifteen days past due. The issue before this court on appeal is whether there is any evidence that will support the trial court's finding. *Stodghill v. Texas Employers Insurance Association,* 582 S.W.2d 102, 103 (Tex.1979).

Tubelite contends that a "course of conduct" between itself and Risica gave rise to an agreement to charge interest. We disagree. The only evidence Tubelite introduced pertaining to such an agreement was the unilateral interest charging statements contained in the documentation sent to Risica; the testimony from Tubelite's credit manager that Risica never complained of the charges; and the fact that Risica, without complaint concerning interest, made a substantial payment on the account after the charges had appeared on the statements (April 30, 1986).

■ The mere failure of a buyer to complain about interest being added to invoices sent to it by a seller does not establish an agreement between the parties *where the buyer did not pay the interest charged. Triton Oil and Gas Corp. v. Marine Contractors and Supply, Inc.,* 644 S.W.2d 443, 445–46 (Tex.1982); *Industrial Disposal Supply,* 664 S.W.2d at 766. Moreover, a unilateral statement in writing of one party, not shown to be accepted or acted upon by the other party, cannot in law constitute a binding written contract. *Cox v. Jasper,* 97 S.W.2d 530, 531 (Tex.Civ. App.—Amarillo 1936, no writ). In the instant case, while it is true Risica never complained of the interest charges, Risica never accepted, agreed to pay or paid the

interest Tubelite charged. We hold that there is no evidence of any conduct by Risica indicating its acceptance of the interest charges as part of the contract between the two parties.

■ Since Tubelite and Risica did not agree to a specific interest rate, the statutory rate of six percent is by law read into the agreement. It is the maximum rate of interest allowed on this type of transaction. *Houston Sash & Door Co. v. Heaner,* 577 S.W.2d 217, 221 (Tex.1979); *Amarillo Equity Investors, Inc. v. Craycroft Lacy Partners,* 654 S.W.2d 28, 30 (Tex.App.— Fort Worth 1983, no writ); Tex.Rev.Civ. Stat.Ann. art. 5069–1.03 (Vernon 1987).[1] A party charging more than six percent interest under such circumstances is subject to the statutory penalties provided in Tex. Rev.Civ.Stat.Ann. art. 5069–1.06 (Vernon 1987). *Triton Oil and Gas Corp.,* 644 S.W.2d at 445; *Amarillo Equity Investors,* 654 S.W.2d at 30.

It has been recognized by the Supreme Court in a unanimous opinion in *Steves Sash and Door Co. v. Ceco Corp.,* 751 S.W.2d 473, 476 (Tex.1988), "that since the time of the Code of Hammurabi (around 1800 B.C.) legislatures have imposed exceedingly harsh penalties for usury." The statutes that the legislatures have enacted, which are penal in nature, are enacted for the protection of those who owe money. They were enacted for the prevention of unjust oppression by unscrupulous persons who are ready to take undue advantage of others. 91 C.J.S. *Usury,* § 5 (1955).

■ Here, Tubelite *charged* Risica one-and-one-half percent interest per month without an agreement by Risica. When the interest charged is more than double the interest allowed (in this case, the statutory amount authorized is six percent), the penalties provided by subsections 1 and 2 of article 5069–1.06 must be applied. *Tri-County Farmer's Co-Op v. Bendele,* 641 S.W.2d 208, 210 (Tex.1982); *Commerce, Crowdus & Canton, Ltd. v. DKS Con-*

---

1. Article 5069–1.03 provides:
   When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all ac-counts and contracts ascertaining the sum payable, commencing on the thirtieth (30th) day from and after the time when the sum is due and payable.

*struction, Inc.,* 776 S.W.2d 615, 618 (Tex. App.—Dallas 1989, no writ); *see also Steves Sash & Door,* 751 S.W.2d 473. Article 5069–1.06 provides, in pertinent part:

(1) Any person who contracts for, *charges* or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor three times [2] the amount of usurious interest contracted for, charged or received, such usurious interest being the amount the total interest contracted for, *charged,* or received exceeds the amount of interest allowed by law, and reasonable attorney fees fixed by the court except that in no event shall the amount forfeited be less than Two Thousand Dollars or twenty percent of the principal, whichever is the smaller sum; provided, that there shall be no penalty for any usurious interest which results from an accidental and bona fide error. (Footnote omitted). (Emphasis added). (Footnote 2 ours).

(2) Any person who contracts for, *charges* or receives interest which is in excess of double the amount of interest allowed by this Subtitle shall forfeit as an additional penalty, all principal as well as interest and all other charges and shall pay reasonable attorney fees set by the court.... (Emphasis added).

The record shows that Tubelite did not bill Risica for the one-and-one-half percent interest until April 30, 1986. On April 30, 1986, Risica owed Tubelite $42,920.25 in principal. Risica later reduced this amount by $10,000.00. The amount of principal which a merchant must forfeit for its usurious interest charges is the amount upon which the usurious interest was actually charged or earned. *Steves Sash & Door,* 751 S.W.2d at 475–76. Thus, we render judgment that Tubelite forfeit the remaining principal balance and reimburse Risica $10,000.00. *See Bendele,* 641 S.W.2d at 210.

Tubelite must also pay Risica three times the amount of usurious interest charged which exceeds the amount of interest allowed by law. Ronald Risica testified that from April 30, 1986 to July 31, 1987, Tubelite charged $9,768.17 in interest. He said that during this time period the amount of interest allowed by law at six percent would be $3,256.06. Risica would be entitled to $19,536.33 (three times the difference of $9,768.17 and $3,256.06).

Tubelite stipulated that Risica's reasonable attorneys fees for trial would be $5,000 and $5,000 for the appeal of this case for a total of $10,000.00. We therefore render judgment that Tubelite pay Risica $10,000.00 in attorneys fees. *See* Tex. Rev.Civ.Stat.Ann. art. 5069–1.06(2) (Vernon 1987).

■ Risica requests this Court to award prejudgment and post-judgment interest. Prejudgment interest is not recoverable under article 5069–1.06. *Steves Sash & Door,* 751 S.W.2d at 476. We allow post-judgment interest at the lawful rate from the date of the trial court's judgment herein.

In its second point of error, Risica complains that the trial court erred by failing to admit certain exhibits into evidence. Due to our disposition of point one, discussion of this point is unnecessary. Tex.R. App.P. 90(a).

The judgment of the trial court is REVERSED and the judgment is RENDERED for Risica & Sons, Inc. to recover on its counterclaim against Tubelite, A Division of Indal, Inc., the amount stated in this opinion.[3]

---

2. The Texas legislature changed the statute to substitute "three times" for "twice". The later statutes included those persons who "charged" usurious interest along with those who "contracted" for—or "received" usurious interest.

3. We reverse and render the trial court's judgment so that Tubelite take nothing. Judgment is rendered that the debt of $42,920.25 be forfeited; that the $10,000.00 paid by Risica be returned to Risica; that Risica receive $19,-536.33, as penalty for usurious interest; and

---

$10,000.00 in attorneys fees. Post-judgment interest at the rate published by the consumer credit commissioner in the Texas Register shall accrue for the period beginning on the day the judgment is rendered and ending on the day the judgment is satisfied. Interest shall be compounded annually. *See* Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 (Vernon Supp.1990).