NUMBER 13-00-753-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

FRANK J. PAGEL,                                                                 Appellant,

 

                                                   v.

 

RICHARD
WHATLEY 

D/B/A WHATLEY FLYING SERVICE,                                          Appellee.

 



 

                       On appeal from the County Court at Law

                                 of Calhoun
County, Texas.

 



 

                         DISSENTING OPINION ON

                  MOTION FOR REHEARING EN BANC

 

                                  Before the
Court En Banc

                          Dissenting Opinion by
Justice Dorsey

 








I believe the panel erred in determining
that Whatley gave Pagel the required statutory written notice of his usury
violation.  The notice is required in
order to maintain the statutory defense to usury.  Whatley merely attached to his petition a
note that he, Whatley, had been notified by his lawyer of Athe
possibility and consequences of a usury violation.@  That is not notice to Pagel that Whatley
violated the statute.  I would grant
rehearing and reverse.

Whatley sued Pagel for non-payment of an
open account for crop-dusting services. 
Pagel filed a counterclaim against Whatley, seeking damages for usurious
interest charged on the account.  Pagel=s
counterclaim alleged that AWhatley charged interest at the rate of
18% per annum and that there was no written or oral agreement authorizing such
charge.@  The trial court entered a judgment in favor
of Whatley on his claim for damages against Pagel, and it entered a
take-nothing judgment against Pagel on his counterclaim for usury.

One of Whatley=s
defenses to Pagel=s counterclaim is found in the Texas
Finance Code, which states:

(a) A
creditor is not liable to an obligor for a violation of this subtitle if:

 

(1) not
later than the 60th day after the date the creditor actually discovered the
violation, the creditor corrects the violation as to that obligor by taking any
necessary action and making any necessary adjustment, including the payment of
interest on a refund, if any, at the applicable rate provided for in the
contract of the parties; and

 

(2) the
creditor gives written notice to the obligor of the violation before the
obligor gives written notice of the violation or files an action alleging the
violation.

 








Tex. Fin. Code Ann. '
305.103(a) (Vernon Supp. 2002). 
Accordingly the issue in this case is whether Whatley=s
statement attached to his original petition meets the requirements of section
305.103(a)(2) and, therefore, qualifies as a defense to Pagel=s
counterclaim for usury.  Whatley=s
statement provided:

I,
RICHARD WHATLEY, hereby certify that I was fully and completely informed by
CHARLES HOOD of the possibility and consequences of a usury violation in regard
to collection work he is doing for me, and told him to proceed.

 

The majority found that Whatley, by this
statement, conclusively established an affirmative defense to the counterclaim
under section 305.103(a)(2), stating 

the
record before us establishes that by Whatley=s
statement attached to his original petition, he provided Pagel notice of the
possibility and consequences of a usury violation.  The sufficiency of the notice can reasonably
be inferred by Pagel=s actions after he received Whatley=s
written statement.  First, we note that
Pagel admittedly made no claim for a usury violation at any time prior to his
attorney=s letter
dated over seven months after the lawsuit was filed against him.  Second, Pagel filed his counterclaim over
fifteen months after receiving Whatley=s statement.  The trial court could reasonably infer that
the statement was sufficient to prompt the counterclaim for usury where none
had been urged previously.

 

Pagel filed a motion for rehearing en
banc, stating that this Court found that Whatley, appellee,

proved as
a matter of law, that he is entitled to the statutory defense of cure to
his usury violation.  The Court=s basis
for this holding is the fact that Appellee, after charging Appellant illegal
usurious interest for four years, filed a lawsuit that itself did not include
any interest charges, along with an attached affidavit stating that he
understood the consequences of a possible usury violation and instructed his
lawyer to proceed anyway.

 








(emphasis in original). 
Pagel argues that Whatley=s statement had absolutely nothing to do
with any intent on Whatley=s part to notify him of a usury
violation.  I agree.

                                                     Construing
Section 305.103(a)(2)

Our objective when we construe a statute
is to determine and give effect to the Legislature's intent.  Liberty Mut. Ins. Co. v. Garrison
Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998).  We accomplish that purpose, first, by looking
to the plain and common meaning of the statute's words.  Id. 
We must also view a statute's terms in context and give them full
effect.  Id.  Section 305.103(a)(2) requires the creditor
to give Awritten
notice to the obligor of the violation. . . .@  (emphasis added).  Whatley=s statement stated only that he had been
advised of the possible consequences of a usury violation.  However the plain and common meaning of the
statute's words required Whatley to give Pagel written notice Aof the
violation@, and
not a possible violation.  Nowhere in
Whatley=s
pleadings or attached statement did Whatley admit or notify Pagel that he had
actually violated the usury statute, a requirement under section
305.103(a)(2).  See Tex. Fin. Code Ann. '
305.103(a)(2) (Vernon Supp. 2002).  








The question here is whether a creditor,
Whatley, upon discovering he has committed usury, has taken timely and
sufficient steps to cure it by correcting it and notifying the debtor in
writing that he had violated the statute. 
See id. I perceive  the
statute to address primarily inadvertent charges of usury, so in order to avoid
the statutory penalties, the one charging excessive interest can confess the
violation and delete the charges. 
The  inference that the affidavit
notified Pagel of the usury violation cannot be derived from the fact that
Pagel later counterclaimed for the penalties. 
It has been recognized by the Texas Supreme Court in a unanimous opinion
in Steves Sash & Door Co. v. Ceco Corp., 751 S.W.2d 473 (Tex. 1988),
"that since the time of the Code of Hammurabi (around 1800 B.C.)
legislatures have imposed exceedingly harsh penalties for usury."  Id. at 476.  The statutes that the legislatures have
enacted, which are penal in nature, are enacted for the protection of those who
owe money.  They were enacted for the
prevention of unjust oppression by unscrupulous persons who are ready to take undue
advantage of others.  Risica &
Sons, Inc. v. Tubelite, 794 S.W.2d 468, 470 (Tex. App.BCorpus
Christi, 1990), aff=d, 819 S.W.2d 801 (Tex. 1991).  

I would grant the motion for rehearing. 

 

J.
BONNER DORSEY,

Justice

 

Publish.

Tex.
R. App. P. 47.3(b).

 

Opinion delivered and
filed

this 22nd day of
August, 2002.