# NO. 12-19-00013-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BREAKWATER ADVANCED MANUFACTURING, LLC, MARK LEACH, BRYAN BENOIT, AND GREG DAVID,*<br>*APPELLANTS* | *§* | *APPEAL FROM THE* |
| *V.* | *§* | *COUNTY COURT AT LAW NO. 2* |
| *EAST TEXAS MACHINE WORKS, INC.,*<br>*APPELLEE* | *§* | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Breakwater Advanced Manufacturing, LLC (Breakwater), Mark Leach, Bryan Benoit, and Greg David appeal the trial court's order granting summary judgment in favor of East Texas Machine Works, Inc. (ETM). Appellants present six issues for our consideration. We affirm in part and reverse and remand in part.

## BACKGROUND

In December 2015 and January 2016, ETM sold machining services to Breakwater. Leach, Benoit, and David are members of Breakwater.[1] Appellants failed to pay the invoices for several months. In August, ETM sued Appellants for suit on an account and breach of contract. ETM attached two unpaid invoices dated December 28, 2015 and January 7, 2016, respectively, totaling $31,800. On September 21, Appellants paid ETM $10,000. In October, Appellants filed a general denial and sought reimbursement of attorney's fees and litigation costs.

---

[1] In its original petition, ETM also sued Velocity Machine, Inc. and three other individuals: Eileen Naquin, Lester LeBouef, and Glen DeCoux. ETM filed a notice of non-suit with respect to Velocity Machine, Naquin, and LeBouef. DeCoux was never served with citation. Thus, the trial court granted summary judgment only against Breakwater, Leach, Benoit, and David. In an affidavit filed by Leach on September 9, 2017, he explained that Breakwater purchased Velocity Machine's assets in February 2014 and thereafter conducted business as Velocity Machine.

In December, Appellants made an offer of settlement, pursuant to Texas Rule of Civil Procedure 167, for $25,230.[2] ETM filed written objections to the offer. In January 2017, the trial court held a hearing to determine the validity of ETM's objections to Appellant's offer. Appellants waived their appearance at the hearing, and the trial court sustained ETM's objections. On March 21, 2017, Appellants paid ETM $21,800.

Thereafter, Appellants filed a traditional and no evidence summary judgment motion. ETM responded to the motion, and filed a counter motion for traditional summary judgment. When granting ETM's motion and denying Appellants' motion, the trial court issued a letter ruling setting forth the reasons for its rulings. The trial court's written order denying Appellants' summary judgment motion does not contain its reasons for granting ETM's summary judgment motion but states that ETM's motion is granted "as set forth in the Court's letter ruling dated October 23, 2018." The trial court's written order provides that ETM recover $1,895.63 in interest and $12,000 in attorney's fees from Breakwater, Leach, Benoit, and David, jointly and severally.[3] This appeal followed.

## THE TRIAL COURT'S LETTER RULING

Before we address the issues in this case, we first must determine the extent to which we may consider the trial court's letter ruling.

The letter ruling states the following reasons for granting ETM's motion for summary judgment:

1. ETM's live pleading alleges a suit on sworn account and contains a verification of paragraphs VIII-IX.

2. Appellants failed to file a verified denial pursuant to Rule 93 of the rules of civil procedure as required to dispute the receipt of the services or correctness of the charges in a suit on a sworn account.

3. The invoices attached to ETM's petition state the terms of payment as "[n]et 30 days" and "[a]ccounts are due and payable according to the indicated terms. If not paid within term, account will be past due and subject to the maximum interest charge allowed by law."

4. The invoices are evidence of an implied agreement to pay interest on the past due accounts.

---

[2] TEX. R. CIV. P. 167.2.

[3] The trial court further awarded ETM $7,500 in attorney's fees through appeal to this Court, and $5,000 in attorney's fees through appeal to the Texas Supreme Court against Breakwater, Leach, Benoit, and David, jointly and severally.

2

5. Appellants payment of the invoices during the pendency of the lawsuit did not extinguish their agreement and obligation to pay the interest accruing on the account.

6. Appellants' failure to pay the prejudgment interest necessitated the continuation of the lawsuit.

7. Breakwater's corporate charter was forfeited in January 2017, and Leach, Benoit, and David were each shareholders of Breakwater at the time of the forfeiture.

Findings of fact and conclusions of law are neither necessary nor proper in a summary judgment proceeding. *See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997). This is because a summary judgment is only properly rendered when there are no genuine issues as to any material fact, and the legal grounds are limited to those stated in the motion and response. *Id.* When a trial court sends a letter to the parties accompanying its order, the written order itself, and not the letter, is controlling on appeal. *See e.g. Trahan v. Fire Ins. Exchange*, 179 S.W.3d 669, 672 n.2 (Tex. App.—Beaumont 2005, no pet.); *see also Mattox v. Cty. Comm'rs Court*, 389 S.W.3d 464, 469 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *Bush v. Coleman Powermate, Inc.*, No. 03-04-00196-CV, 2005 WL 1241075, at *8 (Tex. App.—Austin May 26, 2005, no pet.) (mem. op); *Shannon v. Tex. Gen. Indem. Co.*, 889 S.W.2d 662, 664 (Tex. App.—Houston [14th Dist.] 1994, no writ). Moreover, a letter is not an appropriate method for apprising parties of the grounds for granting an order or judgment. *Shannon*, 889 S.W.2d at 664; *Martin v. Sw. Elec. Power Co.*, 860 S.W.2d 197, 199 (Tex. App.—Texarkana 1993, writ denied). Because a letter ruling cannot be considered on appeal as giving the comprehensive reasons that a trial court granted summary judgment, we do not consider the trial court's letter as conclusive on the bases for the trial court's rulings. *Trahan*, 179 S.W.3d at 672 n.2.

When reviewing a summary judgment, courts of appeals should consider all summary judgment grounds the trial court rules on and the movant preserves for appellate review that are necessary for final disposition of the appeal. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625-626 (Tex. 1996). We also may consider other grounds that the movant preserved for review and the trial court did not rule on in the interest of judicial economy. *Id.* Thus, if any theory advanced in a motion for summary judgment supports the granting of a summary judgment, we may affirm regardless of whether the trial court specified the grounds on which it relied. *See id.*

## ISSUES NOT PRESENTED IN THE PARTIES' WRITTEN MOTIONS

Appellants present six issues for our review. We begin our analysis by framing the issues we can consider in this case.

All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c). A motion for summary judgment must itself expressly present the grounds upon which it is made, and must stand or fall on these grounds alone. *See id.*; *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997). A court cannot grant summary judgment on grounds that were not presented. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002). This court can only address grounds for summary judgment that were raised in writing in the trial court. *See* TEX. R. CIV. P. 166a(c); *Kaye/Bassman Intern. Corp. v. Help Desk Now, Inc.*, 321 S.W.3d 806, 818 (Tex. App.—Dallas 2010, pet. denied); *Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n*, 205 S.W.3d 46, 50 (Tex. App.—Dallas 2006, pet. denied). In determining whether the grounds are expressly presented, we look only to the motion itself; we do not rely on briefs or summary judgment evidence. *Science Spectrum, Inc.*, 941 S.W.2d at 912.

In Appellants' first and second issues, they argue that the trial court erred in granting summary judgment in favor of ETM and denying their motion for summary judgment based upon their failure to file a verified denial as required by Texas Rules of Civil Procedure 93(10) and 185. *See* TEX. R. CIV. P. 93(10) (listing certain pleas to be verified, including denial of an account which is the foundation of the plaintiff's action, and supported by affidavit); 185 (if party resisting sworn suit on account claim does not timely file written denial, under oath, he shall not be permitted to deny claim, or any item therein). According to ETM, Appellants did not comply with Rule 185 because the affidavit that Appellants argue comported with Rules 93(10) and 185 was filed by another party in the case.[4] *See* TEX. R. CIV. P. 93(10); 185. Moreover, ETM argues that the affidavit is insufficient because it does not deny the account and does not appear in Appellants' answer as required by Rules 93(10) and 185. *See id.* 93(10); 185. ETM argues that the trial court properly granted summary judgment in favor of ETM against Leach, Benoit, and David individually, because these Appellants failed to file a verified denial to contest their liability as partners or individuals as required by Rule 93. *See id.* 93(1)-(16) (listing certain pleas to be verified).

ETM did not advance the argument that Appellants failed to comply with Rules 93 or 185 in its written motion for summary judgment.[5] *See* TEX. R. CIV. P. 93(1-16); 185. Because the trial court

---

[4] The affidavit, signed by Leach, was attached to a motion filed by Velocity Machine, Inc., Eileen Naquin, and Lester LeBouef prior to ETM's notice of non-suit against them.

[5] This ground is identified in the trial court's letter ruling, but as previously discussed, that letter is not controlling.

cannot grant a motion for summary judgment on grounds not presented in the motion, we cannot consider Appellants' failure to file a verified denial as grounds for the affirmance of the trial court's summary judgment. *See* TEX. R. CIV. P. 166a(c); ***Johnson***, 73 S.W.3d at 204; ***Science Spectrum, Inc.,*** 941 S.W.2d at 912; ***Kaye/Bassman Intern. Corp.***, 321 S.W.3d at 818; ***Hackberry Creek Country Club, Inc.***, 205 S.W.3d at 50. Furthermore, ETM did not assert a suit on a sworn account in any of its pleadings nor did it move for summary judgment on a claim for suit on a sworn account. Appellants did not argue in their motion for summary judgment or responses that ETM failed to comply with the procedural requirements of Rule 185. *See* TEX. R. CIV. P. 185. Therefore, ETM's failure to comply with the requirements of Rule 185 cannot be considered as grounds for reversal of the trial court's summary judgment or for the rendering of summary judgment in favor of Appellants. *See **id.*** 166a(c); ***Johnson***, 73 S.W.3d at 204; ***Science Spectrum, Inc.,*** 941 S.W.2d at 912; ***Kaye/Bassman Intern. Corp.***, 321 S.W.3d at 818; ***Hackberry Creek Country Club, Inc.***, 205 S.W.3d at 50.

In Appellants' third issue, they argue that the trial court erred in granting summary judgment in favor of ETM because the trial court incorrectly found that ETM's invoices presented evidence of an implied agreement to pay interest on the past due accounts. This argument challenges another of the bases enumerated in the trial court's letter ruling. However, ETM did not move for summary judgment on grounds that the invoices created an implied agreement to pay interest. Thus, an implied agreement to pay interest cannot be considered as a ground for affirmance of the trial court's summary judgment. *See* TEX. R. CIV. P. 166a(c); ***Johnson***, 73 S.W.3d at 204; ***Science Spectrum, Inc.,*** 941 S.W.2d at 912; ***Kaye/Bassman Intern. Corp.***, 321 S.W.3d at 818; ***Hackberry Creek Country Club, Inc.***, 205 S.W.3d at 50.

In Appellant's sixth issue, they assert entitlement to attorney's fees under Rule 167 because they made an offer of settlement, they contend the trial court erred in sustaining ETM's objections to their offer of settlement, and ETM was not entitled to recover damages. *See* TEX. R. CIV. P. 167.1 (except in specified cases, certain litigation costs may be awarded against a party who rejects an offer made substantially in accordance with the Rule to settle a claim for monetary damages), 167.2 (settlement offer), 167.4 (if settlement offer is rejected, and judgment to be awarded on monetary claims covered by offer is significantly less favorable to offeree than was the offer, court must award the offeror litigation costs, which includes reasonable attorney's fees, against offeree from time offer was rejected to time of judgment). Although the record reflects that the trial court sustained ETM's objections to Appellants' offer, Appellants did not argue in their written motion for summary

5

judgment that the trial court erred in sustaining ETM's objections.[6] Thus, we cannot consider Appellant's argument that the trial court erred in sustaining ETM's objections to Appellants' offer of settlement because it was not presented to the trial court in Appellants' written motion for summary judgment. *See* TEX. R. CIV. P. 166a(c); ***Johnson***, 73 S.W.3d at 204; ***Science Spectrum, Inc.***, 941 S.W.2d at 912; ***Kaye/Bassman Intern. Corp.***, 321 S.W.3d at 818; ***Hackberry Creek Country Club, Inc.***, 205 S.W.3d at 50.

As part of their sixth issue, Appellants also argue that they should have prevailed on their declaratory judgment claims and are entitled to attorney's fees under Chapter 37 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. 37.009 (West 2015) (in any proceeding under Chapter 37, declaratory judgments, court may award costs and reasonable and necessary attorney's fees as are equitable and just).[7] The record reflects that Appellants asserted counter claims for declaratory judgment prior to moving for summary judgment; however, their motion and responses did not address their claims for declaratory judgment or argue entitlement to attorney's fees pursuant to Chapter 37. *See id.* Thus, we cannot address Appellants' argument that they are entitled to a declaratory judgment and attorney's fees pursuant to Chapter 37. *See* TEX. R. CIV. P. 166a(c); ***Johnson***, 73 S.W.3d at 204; ***Science Spectrum, Inc.,*** 941 S.W.2d at 912; ***Kaye/Bassman Intern. Corp.***, 321 S.W.3d at 818; ***Hackberry Creek Country Club, Inc.***, 205 S.W.3d at 50.

Because issues one, two, three, and six were not raised in the summary judgment pleadings, we do not consider them in this appeal.

### REMAINING ISSUES

After a review of Appellants' written summary judgment motion, responses, and brief on appeal, we conclude that Appellants raised and preserved two issues. The first is whether Appellants' payment of the account prior to the rendition of a final judgment (1) precludes ETM from proving the elements of suit on account or breach of contract, (2) entitles Appellants to no evidence or traditional summary judgment, (3) precludes ETM from recovering prejudgment interest, and (4)

---

[6] Rejection of an offer made subject to a condition determined by the trial court to have been unreasonable cannot be the basis for an award of litigation costs under Rule 167.2. TEX. R. CIV. P. 167.2(c).

[7] Neither party contends that the trial court's judgment is not final. We note that the trial court's judgment states that it is final and that "[a]ll other relief requested by any of the parties not addressed in this Final Judgment is denied." Moreover, given that Appellants sought declarations that (1) payment of the account requires that ETM take nothing and (2) payment of the account precludes ETM from recovering attorney's fees for breach of contract, it is clear that the intent of the trial court's judgment is to finally dispose of the case. *See **Lehmann v. Har-Con Corp.***, 39 S.W.3d 191, 200 (Tex. 2001).

precludes ETM from recovering attorney's fees (issue four).[8] The second is whether ETM met its burden on summary judgment to show it is entitled to recover from Leach, Benoit, and David individually pursuant to Section 171.255 of the Texas Tax Code (issue five). *See* TEX. TAX CODE ANN. § 171.255 (West 2015).

## Standard of Review and Applicable Law

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); ***Nixon v. Mr. Prop. Mgmt. Co.***, 690 S.W.2d 546, 548 (Tex. 1985). When reviewing traditional and no evidence summary judgments, we perform a de novo review of the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *See* ***Sudan v. Sudan***, 199 S.W.3d 291, 292 (Tex. 2006); ***KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.***, 988 S.W.2d 746, 748 (Tex. 1999).

When, as here, competing motions for summary judgment are filed, and one is granted while the other is denied, we first review the order granting summary judgment. *See* ***Cent. Mut. Ins. Co. v. KPE Firstplace Land, LLC***, 271 S.W.3d 454, 458 (Tex. App.—Tyler 2008, no pet.). If we determine the order was erroneous, we review the trial court's action in overruling the denied motion. ***Id.*** We determine all questions presented, and may reverse the trial court judgment and render such judgment as the trial court should have rendered, including rendering judgment for the other movant. *See* ***Jones v. Strauss***, 745 S.W.2d 898, 900 (Tex. 1988). If, however, a genuine fact issue exists, summary judgment for either party is inappropriate, and we reverse and remand. ***McCreight v. City of Cleburne***, 940 S.W.2d 285, 288 (Tex. App.—Waco 1997, pet. denied). A fact issue may be created either by disputed or ambiguous facts. ***Id.***

## Effect of Payment Prior to the Rendition of a Final Judgment

Appellants argue that their payment of $31,800 to ETM precludes ETM from proving the elements of suit on an account. A plaintiff in a suit on account case must prove (1) the sale and delivery of merchandise or performance of services; (2) the amount of the account is "just," that is, the prices charged are pursuant to an express agreement, or in the absence of an agreement, the

---

[8] Appellants include an argument that their payment of the account precludes ETM from prevailing on its claim for breach of contract. However, a review of ETM's written motion for summary judgment reveals that ETM moved for summary judgment only on their claim for suit on an account. Thus, we do not address Appellants' argument that its payment of the account precludes ETM from proving the elements of breach of contract. *See* TEX. R. CIV. P. 166a(c); TEX. R. APP. P. 47.1.

charges are usual, customary, or reasonable; and (3) the outstanding amounts remain unpaid. ***Powers v. Adams***, 2 S.W.3d 496, 499 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

In Appellants' motion for summary judgment and in their appellate brief, they concede that ETM sold them machining services. By their own admission, they do not dispute the "correctness" of the charges. Moreover, the undisputed evidence shows that Appellants paid the charges. Appellants argue, essentially, that their payment of the account, after suit was filed but prior to rendition of a final judgment, precludes ETM from showing that the account remains unpaid, defeating their cause of action. Appellants further argue that "ETM is not entitled to prejudgment interest because the account was paid prior to trial and ETM cannot prevail or collect damages." Finally, Appellants argue that ETM is not entitled to attorney's fees under Section 38.001 because it cannot prevail on its cause of action and recover damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2015). Appellants' reasoning is as follows:

> Prejudgment interest is calculated based on the past damages awarded, but court costs are not included in this calculation. Texas Courts have made it clear that prejudgment interest must be calculated based on damages recovered from the main cause of action. [] ETM cannot recover "additional damages" through prejudgment interest because ETM was never awarded any damages [sic]. Thus, ETM fails the second requirement under [Section 38.001] because they were not awarded any damages.

In support of their arguments, Appellants cite ***In re Nalle Plastics Family Ltd. P'ship***, 406 S.W.3d 168 (Tex. 2013) and ***Hamra v. Gulden***, 898 S.W.2d 16 (Tex. App.—Dallas 1995, writ dism'd w.o.j.). In ***Nalle***, a law firm sued Nalle for breach of contract, alleging that Nalle failed to pay its attorney's fees. 406 S.W.3d at 169. The Texas Supreme Court held that attorney's fees incurred in prosecuting a claim are not compensatory damages; however, when actual damages are attorney's fees they do constitute compensatory damages. ***Id.*** at 175. In ***Hamra***, the appellate court considered whether a plaintiff could recover attorney's fees under a Deceptive Trade Practices Act (DTPA) claim when the plaintiff consumer settled with a defendant for $8,000 and obtained a damages award at trial of $7,500 from the non-settling defendant. 898 S.W.3d at 19. The court held that the plaintiff did not "prevail" under the pertinent provisions of the DTPA because the plaintiff had already received payment of an amount equal to or greater than the damages found by the fact finder in the trial of the consumer's case against the non-settling defendant. ***Id.***

These cases do not support Appellants' argument. In this case, the uncontroverted evidence shows that ETM presented two invoices for the performance of machining services, each for $15,900,

to Appellants for payment on December 28, 2015 and January 7, 2016, respectively. On August 15, 2016, ETM filed this lawsuit. On September 21, Appellants tendered an unconditional partial payment of $10,000 to ETM. On March 21, 2017, Appellants tendered another unconditional payment of $21,800 to Appellants. The fact that Appellants belatedly paid the principal prior to moving for summary judgment does not defeat ETM's cause of action for suit on an account. *Cf. Hand & Wrist Ctr. of Houston, P.A. v. Republic Servs., Inc.*, 401 S.W.3d 712, 718 (Tex. App.— Houston [14th Dist.] 2013, no pet.) (health care providers not required to submit to jury their claims for pretrial payments received from defendant to recover prejudgment interest on those amounts because it was undisputed that plaintiffs were entitled to recover payments).

Moreover, Appellants' belated payment of the principal does not extinguish ETM's claim for interest. *See id.* ETM argued in its motion for summary judgment that it is entitled to collect six percent interest on the principal amount due beginning on the 30th day after the date on which the amounts were due pursuant to Section 302.002 of the finance code. *See* TEX. FIN. CODE ANN. § 302.002 (West 2016). Section 302.002 provides that, where a creditor has not agreed with an obligor to charge the obligor any interest, the creditor may charge and receive from the obligor legal interest at the rate of six percent a year on the principal amount of the credit extended beginning on the 30th day after the date on which the amount is due. *Id.* A "creditor" is a person who loans money or otherwise extends credit. *Id.* § 301.002 (3) (West 2016). An "obligor" is a person to whom money is loaned or credit is otherwise extended. *Id.* § 301.002 (13). Based upon the undisputed facts before us, we conclude that ETM is a creditor and Appellants are obligors, as those terms are defined. Further, Appellants do not dispute that there was no agreement to charge interest. Because Appellants and ETM did not agree to a specific interest rate, the statutory rate of six percent is by law read into the agreement. *See Risica & Sons, Inc. v. Tubelite, a Div. of Indal, Inc.*, 794 S.W.2d 468, 470 (Tex. App.—Corpus Christi 1990), *aff'd*, 819 S.W.2d 801 (Tex. 1991). Thus, the trial court's award of interest was proper. *See* TEX. FIN. CODE ANN. § 302.002.

Appellants further argue that their payment of the account precluded ETM from recovering attorney's fees because ETM was never awarded any damages. To recover attorney's fees under Chapter 38 of the civil practice and remedies code, a party must first prevail on the underlying claim and recover damages. *See* TEX. CIV. PRAC. & REM. CODE § 38.001 (West 2015); *Nalle*, 406 S.W.3d at 173. Here, ETM received $31,800 from Appellants before Appellants moved for summary judgment. In addition, the trial court awarded ETM $1,895.63 in interest. Appellants' payment of the account prior to the rendition of a final judgment does not change the fact that ETM recovered

9

damages from ETM.  *Cf. **Brainard v. Trinity Universal Ins. Co.**,* 216 S.W.3d 809, 816-817 (Tex. 2006) (plaintiffs entitled to recover prejudgment interest on damages received in the form of pretrial payments that were not awarded in final judgment).  Thus, we conclude that Appellants' payment of the account prior to the rendition of a final judgment does not preclude ETM from recovering attorney's fees under Chapter 38.  We overrule issue four.

## Individual Liability

Appellants argue that ETM did not meet its summary judgment burden to establish that Leach, Benoit, and David are individually liable because Breakwater's charter had not yet been forfeited at the time the transactions took place in December 2015 and January 2016.  Appellants argue that "ETM does not allege and the trial court did not find that…Breakwater was in forfeiture status at any point of time between January 2015 and December 2016…there is a genuine issue of material fact to preclude a summary judgment."

In its motion for summary judgment, ETM argued that Leach, Benoit, and David are jointly and severally liable as partners pursuant to Section 171.255 of the tax code because their charter was forfeited in January 2017.  *See* TEX. TAX CODE ANN. § 171.255.

Section 171.255 states as follows:

> (a) If the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived. The liability includes liability for any tax or penalty imposed by this chapter on the corporation that becomes due and payable after the date of the forfeiture.
>
> (b) The liability of a director or officer is in the same manner and to the same extent as if the director or officer were a partner and the corporation were a partnership.

*Id.*  Section 171.255 also applies to the forfeiture of a taxable entity's right to transact business in Texas.  *Id.* § 171.2515 (West 2015).  Section 171.255 imposes liability on members of a taxable entity in the same manner and to the same extent as if the director or officer were a partner and the corporation was a partnership.  *See id.* § 171.255(b); *see also* TEX. BUS. ORGS. CODE ANN. § 152.304 (West 2012) (In general, "all partners are jointly and severally liable…for all obligations of the partnership unless otherwise provided by law."); ***U.S. Rest. Properties Operating L.P. v. Motel Enterprises, Inc.****,* 104 S.W.3d 284, 293 (Tex. App.—Beaumont 2003, pet. denied) (partners are jointly and severally liable for debts of general partnership).

According to ETM, Breakwater's charter was forfeited "based upon their continued failure to file a franchise tax return in May 2016 and pay taxes which were incurred and due for the tax year 2015." In support of this contention , ETM attached a notice of forfeiture from the Texas Secretary of State to Breakwater. That notice states the following:

> The Secretary of State finds that:
> 1. The Secretary has received certification from the Comptroller of Public Accounts under Section 171.302 of the Texas Tax Code indicating that there are grounds for the forfeiture of the taxable entity's charter, certificate or registration; and
> 2. The comptroller of Public Accounts has determined that the taxable entity has not revived its forfeited privileges within 120 days after the date that the privileges were forfeited.

The document indicates the forfeiture was effective January 27, 2017. ETM also attached a public information report naming Leach, Benoit, and David as members for report year 2015.

A taxable entity is subject to a two step loss of rights for its failure to comply with Chapter 171 of the tax code: (1) the forfeiture of its right to transact business and (2) the forfeiture of its charter, certificate, or registration. *See* TEX. TAX CODE ANN. §§ 171.251-.257; 171.301-.302, 171.309-.311 (West 2015). First, the taxable entity's right to transact business may be forfeited if (1) it does not file a report required by Chapter 171 of the tax code within 45 days after the date a notice of forfeiture is mailed; (2) does not pay a tax or penalty relating to that tax required by Chapter 171 within 45 days after a notice of forfeiture is mailed; or (3) does not permit the comptroller to examine the entity's records. *See id.* § 171.251-2515. It is a ground for the forfeiture of the taxable entity's charter or certificate of authority if the entity does not pay the amount necessary to revive its right to transact business or permit the comptroller to examine its records within 120 days after the date the entity loses its right to transact business. *See id.* § 171.301-.3015. If the taxable entity fails to cure the default within 120 days after its right to transact business is forfeited, the comptroller shall certify the name of the entity to the attorney general and secretary of state. *See id.* § 171.302 (West 2015). Finally, the secretary of state may then forfeit the taxable entity's charter if he receives the comptroller's certification and the entity fails to revive its forfeited rights within 120 days after the date the rights were forfeited. *See id.* § 171.309.

There is a split of authority as to whether personal liability is imposed on individual members of the taxable entity for debts incurred after the actual forfeiture of an entity's right to transact business, or if liability is imposed for debts incurred between the date the tax, report, or penalty was due, but not filed or paid, and the date of the actual forfeiture of the right to transact business. *See Serna v. State*, 877 S.W.2d 516, 519 (Tex. App.—Austin 1994, writ denied) (contractual obligations

entered into *before* the forfeiture of corporate privileges do not impose liability on the officers or directors for payments that are due *after* forfeiture); *compare **In re Trammell***, 246 S.W.3d 815, 822 (Tex. App.—Dallas 2008, no pet.) (individuals liable for debts created or incurred in Texas after the date on which the report, tax, or penalty is due and before corporate privileges are revived); ***Dae Won Choe v. Chancellor, Inc.***, 823 S.W.2d 740, 743 (Tex. App.—Dallas 1992, no writ) (same).

The plain and ordinary meaning of the words in Section 171.255 impose liability for debts incurred "after the date on which the tax, report or penalty is due and before the corporate privileges are revived," and includes liability for debts incurred before forfeiture but after the date the franchise tax, report, or penalty was due but not filed or paid. TEX. TAX CODE ANN. § 171.255; *see **State Office of Risk Mgmt. v. Martinez***, 539 S.W.3d 266, 270 (Tex. 2017) (appellate court construes statute according to plain language); *see also **In re Lee***, 411 S.W.3d 445, 451 (Tex. 2013) (statute's plain language is "surest guide" to legislative intent). Therefore, we conclude that Section 171.255 imposes individual liability on members after the date on which the tax, report or penalty is due. TEX. TAX CODE ANN. § 171.255; ***In re Trammell***, 246 S.W.3d at 822; ***Dae Won Choe***, 823 S.W.2d at 743.

Here, the evidence shows that Breakwater's charter was forfeited, pursuant to Section 171.309, on January 27, 2017. *See* TEX. TAX CODE ANN. § 171.309. The notice of forfeiture does not state the grounds for the forfeiture of Breakwater's charter, which could be failure to pay a tax or penalty or allow the comptroller to examine its records. *See id.* §§ 171.301-.302. ETM cites Section 171.202 of the tax code to support their contention that Breakwater's charter was forfeited for their failure to file a franchise tax return in May 2016 and pay taxes incurred and due for the 2015 tax year. *See id.* § 171.202 (West 2015). ETM did not cite to a specific subsection in Section 171.202 that supports this conclusion, but subsection (b) provides that a taxable entity shall file its annual report before May 16 of each year after the beginning of the regular annual period. *Id.* § 171.202(b). However, Section 171.202 also states that extensions can be granted under certain circumstances. *See id.* 171.202(c)(e)(f).

ETM, as the movant for summary judgment, was required to prove there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); ***Nixon***, 690 S.W.2d at 548. Because evidence favorable to the non-movant must be taken as true and doubts about evidentiary issues resolved in its favor, it would be improper for this Court to draw the inference that Breakwater was delinquent in paying franchise taxes in 2015, because it is simply not definitively demonstrated by the evidence. *See **State v. Durham***, 860 S.W.2d 63, 66 (Tex. 1993);

*see also* ***City of Keller v. Wilson*,** 168 S.W.3d 802, 824-25 (Tex. 2005). The only facts conclusively proved by the evidence presented by ETM is that Breakwater failed to pay a tax or penalty or allow the comptroller to review its records at least 120 days prior to January 27, 2017. *See* TEX. TAX CODE ANN. §§ 171.302; 171.309. We are unable to determine, based upon the notice of forfeiture, the date upon which Breakwater became delinquent in its obligations under Chapter 171. Thus, the evidence does not prove that Breakwater was delinquent in its obligations under Chapter 171 at the time it entered into the transactions with ETM that are the subject of this suit. *See* ***Trammell***, 246 S.W.3d at 822; *see also* ***Dae Won Choe***, 823 S.W.2d at 743. Therefore, we hold ETM did not meet its summary judgment burden to show that Leach, Benoit, and David are individually liable, because a genuine issue of material fact remains as to whether Breakwater was delinquent in its obligations under Chapter 171 at the time of transactions. *See* TEX. R. CIV. P. 166a(c); ***Nixon***, 690 S.W.2d at 548; *see also* ***Durham***, 860 S.W.2d at 66; ***City of Keller***, 168 S.W.3d at 824-25. Therefore, we sustain Appellants' fifth issue.

## DISPOSITION

Having concluded that ETM met its burden to show it was entitled to judgment on its claim for suit on a sworn account, we ***affirm*** the trial court's order granting summary judgment in favor of ETM and its award of interest and attorney's fees.

Further, having concluded that ETM did not meet its summary judgment burden to show that Leach, Benoit, and David are individually liable, we ***reverse*** the trial court's judgment and ***remand*** the case to the trial court for further proceedings consistent with this opinion.

GREG NEELEY
Justice

Opinion delivered February 19, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

13



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 19, 2020**

**NO. 12-19-00013-CV**

**BREAKWATER ADVANCED MANUFACTURING, LLC, MARK LEACH, BRYAN BENOIT, AND GREG DAVID,**
Appellants
V.
**EAST TEXAS MACHINE WORKS, INC.,**
Appellee

Appeal from the County Court at Law No. 2
of Gregg County, Texas (Tr.Ct.No. 2016-1524-CCL2)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was error in a portion of the trial court's order granting summary judgment, and that the same should be affirmed in part and reversed and remanded in part.

It is therefore ORDERED, ADJUDGED and DECREED that the portion of the trial court's order granting summary judgment that **MARK LEACH, BRYAN BENOIT, AND GREG DAVID,** are individually liable, **be reversed and remanded to the trial court for further proceedings,** in accordance with the opinion of this Court, in all other respects, the trial court's order granting summary judgment is **affirmed**; and that all costs of this appeal are hereby

adjudged against the party incurring same, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*